

# SUPREME COURT OF MISSOURI
## en banc

STATE ex rel. CITY OF )
GRANDVIEW, MISSOURI )
          )
          Relator, )
          )
v. )   No. SC95283
          )
THE HONORABLE JACK R. GRATE, )
          )
          Respondent. )

## ORIGINAL PROCEEDING IN PROHIBITION

### *Opinion issued April 5, 2016*

Michael Green Sr., Stephanie M. Green, Stephanie N. Green, and Michael Green (collectively "Plaintiffs") filed a lawsuit, in the underlying case, against four police officers and the City of Grandview. The City filed a motion for summary judgment claiming sovereign immunity. The circuit court overruled the motion, and the City sought a writ of prohibition from the court of appeals that was denied. The City then sought a writ of prohibition from this Court. This Court issued a preliminary writ of prohibition that it now makes permanent.

### Facts and Procedural Background

Plaintiffs filed a lawsuit against four City of Grandview police officers alleging wrongful arrest, battery, malicious prosecution and negligence. Plaintiffs joined the City in the suit, alleging the City was vicariously liable for the actions of the officers.

Specifically, Plaintiffs alleged the City had purchased an insurance policy that contained a provision for law enforcement liability coverage. This coverage, the Plaintiffs asserted, waived the City's rights to sovereign immunity and allowed it to be sued up to the policy limits, pursuant to §§ 71.185, RSMo 2000, and 537.610.[1]

The City—in lieu of filing an answer to Plaintiff's petition—filed a motion for summary judgment claiming that, while it had insurance coverage, the insurance policy it had purchased contained express language preserving its sovereign immunity, except as to those claims that sovereign immunity is already waived by statute i.e., claims involving injuries resulting from the negligent operation of motor vehicles, or injuries resulting from dangerous conditions on government property. Section 537.600. The circuit court overruled the motion for summary judgment.

## Standard of Review

This Court has the authority to "issue and determine original remedial writs." Mo. Const. art. V, § 4.1. This Court has issued a writ of prohibition "[w]here a defendant has . . . sovereign immunity." *State ex rel. Bd. of Trs. of City of N. Kansas City Mem'l Hosp. v. Russell*, 843 S.W.2d 353, 355 (Mo. banc 1992) (internal citations and quotation marks omitted). Sovereign immunity is not a defense to suit but, rather, it is immunity from tort liability altogether, providing a basis for prohibition. *See Metro. St. Louis Sewer Dist. v. City of Bellefontaine Neighbors*, 476 S.W.3d 913, 921 (Mo. banc 2016) (citing the definition of "sovereign immunity" in *Black's Law Dictionary*).

---

[1] Statutory citations are to RSMo Supp. 2013, unless otherwise noted.

The policy in effect at the relevant time provides:

**Section I – COVERAGES**

**A. Insuring Agreement — Liability for Law Enforcement Wrongful Acts**

1. We will pay those sums that the insured becomes legally obligated to pay as "damages" resulting from a "law enforcement wrongful act" to which this insurance applies.

* * *

3. This insurance applies to "damages" resulting from a "law enforcement wrongful act" only if the "law enforcement wrongful act" was first committed:
   a. By an insured in the course and scope of their "law enforcement activities" for you and
   b. During the policy period.

OneBeacon Insurance Policy, Relator's Exhibit N4, p. 723.

The policy later defines "an insured:"

**SECTION IV — WHO IS AN INSURED**

If you are designated in the Declarations as a governmental unit, you are an insured. Each of the following is also an insured but only with respect to your "law enforcement activity";

1. Your current or previously elected or appointed officials, but only for the conduct of their duties as your elected or appointed officials.
2. Your "employee" or "volunteer workers" but only for acts within the course and scope of their employment or volunteer activities by or for you;
3. Any person or organization providing services to you under any mutual aid or similar agreement, but only within the scope of the mutual aid or agreement
4. Owners of commandeered equipment other than an "auto" while the equipment is in your temporary custody and control.

*Id.* at 726.

There is an Endorsement contained within the policy that expressly provides:

**THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.**
**MISSOURI CHANGES — PROTECTION OF IMMUNITY**
This endorsement modifies insurance provided under the following:

LAW ENFORCEMENT LIABILITY COVERAGE PART
LAW ENFORCEMENT LIABILITY COVERAGE PART
(CLAIMS-MADE)

The following is added to **SECTION I — COVERAGES**

**A. INSURING AGREEMENT — LIABILITY FOR LAW ENFORCEMENT WRONGFUL ACTS**

We have no duty to pay "damages" on your behalf under this policy unless the defenses of sovereign and governmental immunity are inapplicable to you.

The following is added to **SECTION VI — CONDITIONS**

This policy and any coverages associated therewith does not constitute, nor reflect an intent by you, to waive or forego any defenses of sovereign and governmental immunity available to any Insured, whether based upon statute(s), common law or otherwise, including Missouri Revised Statute Section 537.610 or any amendments; or Missouri Revised Statute Section 71.185 or any amendments.

*Id.* at 738.

The plain language of the policy allows coverage to not only the City but also to employees of the City—such as police officers—as "Insureds."  The policy, however, reserves the right of the City to raise sovereign immunity if it is provided for under the constitution or in statutes because Missouri no longer has common law sovereign immunity.  Sovereign immunity is governed by § 537.600, which provides:

1. Such sovereign or governmental tort immunity as existed at common law in this state prior to September 12, 1977, except to the extent

4

waived, abrogated or modified by statutes in effect prior to that date, shall remain in full force and effect; except that, the immunity of the public entity from liability and suit for compensatory damages for negligent acts or omissions is hereby expressly waived in the following instances:

(1) Injuries directly resulting from the negligent acts or omissions by public employees arising out of the operation of motor vehicles or motorized vehicles within the course of their employment;

(2) Injuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition. . . .

"Missouri municipalities are not provided immunity for proprietary functions—those performed for the benefit or profit of the municipality as a corporate entity—but are immune for governmental functions-those performed for the common good." *Southers v. City of Farmington*, 263 S.W.3d 603, 609 (Mo. banc 2008). The operation of a police department is a governmental function whereby sovereign immunity attaches to a municipality. *See, e.g., Fantasma v. Kansas City, Mo., Bd. of Police Comm'rs*, 913 S.W.2d 388, 391 (Mo. App. 1996) ("[S]overeign immunity attaches to the operation and maintenance of a police force."). Nonetheless, this section's benefit of sovereign immunity can be waived—and as Plaintiffs argue was waived—pursuant to §§ 71.185 and 537.610.

5

## II. The City's Insurance Policy did not Waive Sovereign Immunity

Section 71.185.1, RSMo 2000, provides:

> Any municipality engaged in the exercise of governmental functions may carry liability insurance and pay the premiums therefor to insure such municipality and their employees against claims or causes of action for property damage or personal injuries, including death, caused while in the exercise of the governmental functions, and shall be liable as in other cases of torts for property damage and personal injuries including death suffered by third persons while the municipality is engaged in the exercise of the governmental functions to the extent of the insurance so carried.

Additionally, § 537.610.1, provides:

> The commissioner of administration, through the purchasing division, and the governing body of each political subdivision of this state, notwithstanding any other provision of law, may purchase liability insurance for tort claims, made against the state or the political subdivision, but the maximum amount of such coverage shall not exceed two million dollars for all claims arising out of a single occurrence and shall not exceed three hundred thousand dollars for any one person in a single accident or occurrence, . . . . Sovereign immunity for the state of Missouri and its political subdivisions is waived only to the maximum amount of and only for the purposes covered by such policy of insurance purchased pursuant to the provisions of this section and in such amount and for such purposes provided in any self-insurance plan duly adopted by the governing body of any political subdivision of the state.

Because the City had an insurance policy in effect at the time of the underlying incident, the issue is whether that policy waived the grant of sovereign immunity provided for under § 537.600 or whether there were terms of that policy preserving the grant of sovereign immunity.

This same issue was decided in *State ex rel. Board of Trustees*. In that case, the plaintiffs sued the City of North Kansas City Hospital Board of Trustees for medical malpractice because of its operation of the city's hospital, and the Board moved for

6

summary judgment on the basis of sovereign immunity. 843 S.W.2d at 354. That motion was overruled, and the Board sought a writ of prohibition from this Court. *Id.* This Court made its writ permanent, holding that the Board was part of a public entity (the City) and entitled to sovereign immunity for the governmental function of operating a hospital. *Id.* at 358-59. The Board had purchased insurance policies with identical coverage, but the policies expressly disclaimed insurance coverage for any claim that would be barred by sovereign immunity. *Id.* at 360.

Here, the same situation holds true. The City is a municipality entitled to sovereign immunity so long as it is engaged in a governmental function or the claims against it do not fall within one of the statutory exceptions to immunity. The operation of a police department is a governmental function sovereign immunity. While the City purchased insurance coverage, the policy expressly disclaims a waiver of sovereign immunity, and provides coverage to the City only for those claims for which sovereign immunity has been statutorily waived. Therefore, the City did not waive sovereign immunity when it purchased an insurance policy that disclaimed coverage for any actions that would be prohibited by sovereign immunity. The preliminary writ of prohibition is made permanent.

_____
Zel M. Fischer, Judge

All concur.

7