

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

STATE OF MISSOURI, ex rel., )
THE SCHOOL DISTRICT OF )
KANSAS CITY 33, )
      )
           Relator, )
      )
v. )      WD85738
      )
THE HONORABLE JERRI J. )      Opinion filed:  February 7, 2023
ZHANG, )
      )
           Respondent. )

## ORIGINAL PROCEEDING IN PROHIBITION

Writ Division:  Edward R. Ardini, Jr., Presiding Judge,
Alok Ahuja, Judge, and Karen King Mitchell, Judge

Jane Doe ("Plaintiff") filed a lawsuit in the Circuit Court of Jackson County against

the School District of Kansas City 33 d/b/a Kansas City Public Schools ("KCPS"). KCPS

filed a renewed motion for summary judgment claiming sovereign immunity from

Plaintiff's claims, and the trial court—the Honorable Jerri J. Zhang ("Respondent")—

overruled the motion. KCPS sought a writ of prohibition from this Court, requesting we

direct Respondent to take no action other than to grant KCPS's renewed motion for summary judgment. We issued a preliminary writ of prohibition that we now make permanent.

**Factual and Procedural Background**

On June 9, 2020, Plaintiff initiated a lawsuit ("Underlying Lawsuit") against KCPS and four individuals employed by KCPS ("Individual Defendants"). Plaintiff alleged that on September 28, 2015, while she was a student at what is now known as Southeast High School, another student forcibly carried her to an unlocked and unsupervised area of the school's fifth floor, where he sexually assaulted her.

Plaintiff's petition asserted four counts. Counts I and II alleged tort claims against KCPS and the Individual Defendants. Specifically, Count I alleged the tort of negligent training and supervision and breach of ministerial duties, and Count II alleged the tort of negligent infliction of emotional distress. Counts III and IV were asserted solely against KCPS. Count III alleged KCPS was vicariously liable for the actions of the Individual Defendants under the theory of respondeat superior. Count IV asserted a claim of "Premise [sic] Liability – Dangerous Condition."

As relevant to this writ proceeding, Plaintiff also asserted in paragraph 8 of her petition that:

> Defendant KCPS maintains a policy of insurance or belongs to a risk pool that is the legal equivalent of an insurance policy that covers claims for bodily injury against public officials or employees for an occurrence caused by negligent acts and for the breach of ministerial duties as alleged in this Petition.

2

As discussed in greater detail in our analysis, KCPS is a governmental entity that is entitled to sovereign immunity except to the extent waived. "The purchase of liability insurance may function as a waiver of sovereign immunity." *State ex rel. Blue Springs Sch. Dist. v. Grate*, 576 S.W.3d 262, 265 n.5 (Mo. App. W.D. 2019) (citing § 537.610.1, RSMo[1]).

KCPS and the Individual Defendants filed a motion to dismiss Plaintiff's petition, which was granted in part. The trial court dismissed all claims against the Individual Defendants, finding they enjoyed official immunity from Plaintiff's claims. The trial court also dismissed Count IV ("Premise [sic] Liability – Dangerous Condition"). Thus, the claims remaining in the Underlying Lawsuit after the trial court's dismissal order were Count I (negligent supervision/training and breach of ministerial duties), Count II (negligent infliction of emotional distress), and Count III (respondeat superior liability).[2] KCPS remained the sole named defendant.

Thereafter, KCPS filed a motion for summary judgment, asserting "there is no genuine dispute of material fact and KCPS is shielded as a matter of law by sovereign immunity from Plaintiff's claims." The trial court denied the motion. KCPS sought a writ of prohibition from this Court in Case No. WD84793. The respondent in that writ proceeding (the Honorable David Michael Byrn) opposed the writ petition, in part, by asserting that the summary judgment motion was "premature and filed with an incomplete record." On September 21, 2021, we denied the writ petition "without prejudice with the

---

[1] All statutory references are to RSMo 2016.

[2] "A governmental employer may still be liable for the actions of its employee even if the employee is entitled to official immunity." *Davis v. Lambert-St. Louis Int'l Airport*, 193 S.W.3d 760, 766 (Mo. banc 2006).

understanding that the summary judgment motion may be renewed following the close of discovery."

In May 2022, KCPS filed a renewed motion for summary judgment, again arguing "that there is no genuine dispute as to any material fact and that KCPS is entitled to judgment as a matter of law because it is shielded by sovereign immunity." Plaintiff opposed the motion, asserting KCPS "procured liability insurance covering both it and its agents for claims like those being made by Plaintiff," thereby waiving KCPS's sovereign immunity. Plaintiff also asserted that "the sovereign immunity preservation provisions" in KCPS's insurance policies did "not comply with Missouri law," specifically section 432.070's requirement that contracts entered into by public entities, including school districts, "shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing." Plaintiff asserted that "without proof of compliance with § 432.070, the preservation of sovereign immunity through policy language is inadequate." Respondent denied the motion on the grounds that "there still remains a genuine issue of material fact" and KCPS "failed to illustrate its right to judgment as a matter of law."

KCPS filed a petition for writ of prohibition with this Court, thereby initiating this writ proceeding. KCPS asserted that "extensive discovery revealed no issues of material fact on the issue of sovereign immunity" and Plaintiff "failed to carry the burden to prove KCPS waived sovereign immunity." KCPS sought a writ of prohibition "barring Respondent from taking any further action in the underlying action other than to vacate the Order of Respondent's [entered on] September 2, 2022, denying the renewed motion for

4

summary judgment and to enter summary judgment in favor of KCPS based on sovereign immunity."

After Respondent filed suggestions in opposition to KCPS's writ petition, we issued a preliminary writ of prohibition directing Respondent to refrain from taking any further action in the Underlying Lawsuit until further order of this Court "except to reconsider [the] denial of [KCPS's] Motion for Summary Judgment based on sovereign immunity."

**Standard of Review**

This Court has discretion to issue and determine original remedial writs, including writs of prohibition. *Blue Springs Sch. Dist.*, 576 S.W.3d at 266. "Whether a writ should issue in a particular case is a question left to the sound discretion of the court to which application has been made." *Id.* at 267.

"Sovereign immunity is not a defense to suit but, rather, it is immunity from tort liability altogether, providing a basis for prohibition." *State ex rel. City of Grandview v. Grate*, 490 S.W.3d 368, 369 (Mo. banc 2016). "[P]rohibition is generally the appropriate remedy to forestall unwarranted and useless litigation." *Blue Springs Sch. Dist.*, 576 S.W.3d at 266. "Because there is no right of appeal from the denial of a motion for summary judgment, the refusal to utilize a writ where the issues before the court are solely matters of law would compel a defendant to defend unwarranted and useless litigation at great expense and burden." *Id.* at 267 (internal marks omitted). "Forcing upon a defendant the expense and burdens of trial when the claim is clearly barred is unjust and should be prevented." *Id.* at 266. "Thus, prohibition is an appropriate remedy when a defendant is clearly entitled to immunity." *Id.* at 267 (internal marks omitted); *see also State ex rel. Bd.*

5

*of Trustees of City of N. Kan. City Mem'l Hosp. v. Russell*, 843 S.W.2d 353, 355 (Mo. banc 1992) ("Where a defendant is clearly entitled to immunity, it is not necessary to wait through a trial and appeal to enforce that protection.").

This writ proceeding requires us to examine whether KCPS's insurance policies waived sovereign immunity for the torts alleged in Plaintiff's petition. Interpretation of an insurance policy is a question of law, *Blue Springs Sch. Dist.*, 576 S.W.3d at 267, and we construe narrowly any waiver of sovereign immunity, *Topps v. City of Country Club Hills*, 272 S.W.3d 409, 415 (Mo. App. E.D. 2008).

## Analysis

KCPS asserts that it is "entitled to an order prohibiting the respondent from proceeding in the underlying action other than to dismiss the action or enter summary judgment for KCPS." Specifically, KCPS asserts that the undisputed material facts show that Plaintiff's claims are barred by sovereign immunity, arguing that no exception to sovereign immunity applies and KCPS did not waive its sovereign immunity "by obtaining insurance coverage that explicitly did not provide coverage for any claim barred by sovereign immunity."

Respondent counters by arguing that the insurance policies—including policy language that preserves KCPS's sovereign immunity—are void because they were not signed by all parties to the contracts as required by section 432.070. Respondent asserts that, as a result, the sovereign immunity preservation provisions "do not have binding force."

We address each issue in turn.

6

*KCPS did not waive its sovereign immunity.*

We first find that the insurance policies procured by KCPS did not waive KCPS's sovereign immunity.[3] A public entity—such as a school district—is generally protected from liability for negligent acts under the doctrine of sovereign immunity, unless an exception to sovereign immunity applies, *see* § 537.600,[4] or the public entity waives its immunity through the procurement of liability insurance covering tort claims, *see* § 537.610. Regarding waiver, procurement of an insurance policy does not necessarily waive sovereign immunity for all tort claims asserted against a public entity. Rather, immunity is waived only "to the extent of and for the specific purposes covered by the insurance purchased." *Blue Springs Sch. Dist.*, 576 S.W.3d at 269; *see also* § 537.610.1 (a public entity waives sovereign immunity "only to the maximum amount of and only for the purposes covered by such policy of insurance purchased pursuant to the provisions of this section . . . ."). Thus, whether an insurance policy waives sovereign immunity "is expressly dictated, and limited, by the terms of the insurance policy." *Topps*, 272 S.W.3d at 415.

---

[3] To the extent the parties disagree as to whether Plaintiff adequately pleaded in paragraph 8 of her petition that KCPS waived ***its*** sovereign immunity by purchasing insurance (as opposed to the immunity of only KCPS's employees and public officials), we do not resolve this issue. That is because, presuming for the purposes of this proceeding that Plaintiff's allegations were adequate, we find—as discussed more fully *infra*—that the undisputed material facts show KCPS did not waive its sovereign immunity.

[4] Section 537.600 provides two exceptions to sovereign immunity: "(1) where injuries result from a public employee's negligent operation of a motor vehicle within the course of employment; and (2) where injuries are caused by a dangerous condition of the [public entity's] property." *Topps*, 272 S.W.3d at 414. Neither exception has been raised in this matter.

During the relevant time period, KCPS was covered by two insurance policies: a "Commercial General Liability Policy" applicable to occurrences for the policy period of July 1, 2015 to July 1, 2016 (hereinafter the "Commercial Policy") and a "Directors, Officers, Insured Entity and Employment Practices Insurance Policy" applicable to claims made and reported during the period of July 1, 2017 to July 1, 2018 (hereinafter the "Directors and Officers Policy").[5] As detailed below, both policies expressly disclaimed any waiver of sovereign immunity. "[A] number of courts have held that a public entity retains its full sovereign immunity when the insurance policy contains a disclaimer stating that the entity's procurement of the policy was not meant to constitute a waiver of sovereign immunity[.]" *Blue Springs Sch. Dist.*, 576 S.W.3d at 271 (quoting *Topps*, 272 S.W.3d at 418) (internal marks omitted).

KCPS's Commercial Policy contained a "Sovereign Immunity Exclusion Endorsement," which stated that the policy did "not apply to any Claim to which the Insured . . . [i]s Immune under the legal doctrine of sovereign immunity; or . . . would have been immune . . . but for the Insured's waiver of such immunity[.]" The Directors and Officers Policy contained a "Governmental Immunity Endorsement," which expressly stated it did not provide coverage for any claim for which immunity is granted pursuant to section "537.600 et seq.,"[6] and it excluded coverage for any claim barred by the doctrine

---

[5] Plaintiff initially filed her claims against KCPS in a lawsuit commenced in October 2017, which Plaintiff voluntarily dismissed and re-filed in 2020 as the Underlying Lawsuit.

[6] "Section 537.600.1 codifies sovereign immunity for tort liability as existed at common law, except to the extent waived, abrogated or modified by statutes in effect prior to September 12, 1977, and except for injuries resulting from a public employees' [sic] operation of a motor vehicle

8

of sovereign immunity. Moreover, the Directors and Officers Policy contained additional disclaimer language that was almost identical to a provision in the insurance policy at issue in *Topps v. City of Country Club Hills*, and the Eastern District found the *Topps* policy language "act[ed] to retain the City's sovereign immunity."[7] 272 S.W.3d at 418. Similarly, here, the disclaimer provisions in KCPS's insurance policies acted to retain KCPS's sovereign immunity. *See id.*; *see also Russell*, 843 S.W.2d at 360; *Langley v. Curators of Univ. of Mo.*, 73 S.W.3d 808, 811 (Mo. App. W.D. 2002) (insurance policy that expressly stated "[n]othing in this [policy] shall be construed as a waiver of any governmental immunity" retained the public entity's sovereign immunity).

It is uncontroverted in the summary judgment record that the Commercial Policy contained the Sovereign Immunity Exclusion Endorsement and the Directors and Officers Policy contained the Governmental Immunity Endorsement. As described above, these provisions disclaimed any waiver of sovereign immunity. Accordingly, we find that the undisputed material facts demonstrate that KCPS's insurance policies did not waive KCPS's sovereign immunity.

---

in the course of their employment, or injuries caused by the condition of a public entity's property." *Blue Springs Sch. Dist.*, 576 S.W.3d at 268.

[7] *Compare* KCPS's Directors and Officers Policy ("[N]othing contained in this policy will be construed to broaden the liability of the insured beyond the provisions of Sections 537.600 to 537.610 of the Missouri Statutes, as may be amended from time to time, nor to abolish or waive any defense at law which might otherwise be available to the insured or its officers and employees."), *with* the policy language in *Topps*, 272 S.W.3d at 412 ("Nothing contained in this section, or the balance of this document, shall be construed to broaden the liability of [the City] beyond the provisions of sections 537.600 to 537.610 of the Missouri Statutes, nor to abolish or waive any defense at law which might otherwise be available to [the City] or its officers and employees.").

*Section 432.070 does not affect our determination.*

Respondent does not contest that the Sovereign Immunity Exclusion Endorsement and the Governmental Immunity Endorsement disclaim any waiver of sovereign immunity. Instead, Respondent argues that the insurance policies—including the sovereign immunity preservation provisions—are void and unenforceable because the insurance policies were not signed by KCPS agents as required by section 432.070.[8] Respondent's argument is self-defeating. Even presuming Respondent was correct in her assertion that KCPS failed to comply with section 432.070, KCPS would still enjoy sovereign immunity from Plaintiff's claims.[9] As previously described, a school district is protected by the doctrine of sovereign immunity unless an exception applies or the school district waives its immunity by procuring liability insurance that covers the plaintiff's claims. If KCPS's insurance policies are void and unenforceable, as Respondent contends, then no insurance policy exists that

---

[8] Section 432.070 provides that no school district

> shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; and such contract, including the consideration, shall be in writing and dated when made, ***and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing.***

(emphasis added). It is uncontroverted that KCPS agents did not sign the insurance policies at issue.

[9] Because Plaintiff's claims would be barred by sovereign immunity whether or not KCPS complied with section 432.070 when purchasing the policies, we need not decide whether the signature requirement of section 432.070 applies to the purchase of standard-form insurance contracts like those involved here.

10

would operate to waive KCPS's sovereign immunity. *See Kindred v. City of Smithville*, 292 S.W.3d 420, 424 (Mo. App. W.D. 2009) ("A contract that fails to comply with Section 432.070 is void *ab initio*, not merely voidable."). In such a situation, KCPS would not have waived its sovereign immunity because it would not have procured liability insurance. On the other hand, if KCPS's policies are valid and enforceable, then—as described above— the policies each contain provisions that preserve KCPS's sovereign immunity. Under either set of circumstances, sovereign immunity protects KCPS from Plaintiff's claims.[10]

Respondent attempts to avoid this outcome by arguing that "it is the ***purchase*** of the policy" that waives sovereign immunity, and KCPS waived its sovereign immunity by purchasing liability insurance, even though the insurance policies "purchased" were, under Respondent's theory, void and unenforceable due to noncompliance with section 432.070. Missouri law does not support this curious argument. In fact, the law is clear that the language of the insurance policy—not merely the act of purchasing a policy—dictates the existence and extent of any waiver. *See* § 537.610.1 (expressly providing that immunity is

---

[10] The circumstances here are different than those in *Newsome v. Kansas City, Missouri School District*, in which the Missouri Supreme Court determined that the school district waived its sovereign immunity by purchasing liability insurance. 520 S.W.3d 769, 776-77 (Mo. banc 2017). In *Newsome*, it was undisputed that the school district's insurance policy covered the type of claim asserted by the plaintiff. *Id.* at 776. Months after the school district purchased its policy, it negotiated an endorsement that disclaimed any waiver of sovereign immunity. *Id.* The Missouri Supreme Court found that the endorsement never became part of the policy because it "was not subscribed to by any authorized and appointed agent of the District," as required by section 432.070. *Id.* The Court held that, because the endorsement did not comply with the requirements of section 432.070, the school district could not rely on the endorsement to preserve immunity that was otherwise waived. *Id.* at 767-77. Unlike in *Newsome*, here, the sovereign immunity preservation provisions were part of the school district's insurance policies; the preservation provisions were not later-negotiated endorsements. Thus, the policies here are either valid in their entirety or void in their entirety. As described above, under either scenario KCPS has sovereign immunity.

waived "only to the maximum amount of and only for the purposes covered by such policy of insurance"); *see also Blue Springs Sch. Dist.*, 576 S.W.3d at 269 (in determining whether an insurance policy waives sovereign immunity, "we are guided by the policy language alone"); *Topps*, 272 S.W.3d at 415 ("the extent of [the waiver of sovereign immunity] is expressly dictated, and limited, by the terms of the insurance policy"). The cases relied upon by Respondent merely stand for the general proposition that the purchase of liability insurance may operate as a waiver of sovereign immunity; they do not hold that the act of ***purchasing*** an insurance policy constitutes a waiver, regardless of whether the insurance policy is void and unenforceable.[11] *See generally City of Grandview*, 490 S.W.3d at 371-72; *Russell*, 843 S.W.2d at 360.

For these reasons, any failure of KCPS to comply with section 432.070 would not affect our determination that KCPS was immune from Plaintiff's claims.

### Conclusion

The undisputed facts demonstrate that KCPS's insurance policies did not waive KCPS's sovereign immunity, therefore KCPS enjoys immunity from the claims asserted in Plaintiff's petition. The preliminary writ of prohibition we issued is made permanent.

---

[11] In any event, we question whether KCPS could fairly be said to have "purchased" insurance, if Respondent was correct that the insurance policies were themselves unenforceable and void. "'Purchase' is defined in Webster's dictionary as meaning 'to obtain by paying money or its equivalent.'" *Tolu v. Reid*, 639 S.W.3d 504, 539 (Mo. App. E.D. 2021) (citations omitted). We fail to see how KCPS could be said to have "obtain[ed]," or "secure[d] the receipt" of insurance, if the insurance contracts were themselves null and void.

12

The matter is remanded with instructions that Respondent enter summary judgment in favor of KCPS in the Underlying Lawsuit.

_____

EDWARD R. ARDINI, JR., PRESIDING JUDGE

All concur.