**John P. THOMPSON, Appellant,**

v.

**COMMITTEE ON LEGISLATIVE RE-SEARCH and Rebecca McDowell Cook, Respondents.**

No. 79364.

Supreme Court of Missouri,
En Banc.

Oct. 18, 1996.

Simon B. Buckner, Jefferson City, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Karen King Mitchell, Asst. Atty. Gen., Jefferson City, for respondents.

PER CURIAM.

Article III, section 35 of the Missouri Constitution creates a permanent joint committee on legislative research "to perform the duties, advisory to the general assembly, assigned to it by law." Section 116.170.2, RSMo 1994, charges "the [permanent joint] committee on legislative research [to] provide a fiscal note summary to be printed on the official ballot for the proposed [initiative] measure." Does article III, section 35, permit the general assembly to assign the committee on legislative research the responsibility for preparing fiscal note summaries for questions presented to the voters by the initiative?

We hold that article III, section 35, limits the joint committee on legislative research to the performance of duties that are advisory to the general assembly, that the preparation of fiscal note summaries for initiative petitions arising from the legislative power reserved by the people in article III, sections 49 to 51, is not the performance of a duty advisory to the general assembly, and that the circuit court erred in holding that section 116.170.2 conforms to the constitution.

Accordingly, the judgment of the trial court is reversed. The secretary of state is ordered to direct the county election authorities to remove the fiscal note summary from

the previously printed ballot question for Constitutional Amendment No. 9. If the fiscal note summary cannot be removed entirely from the previously printed ballot, the secretary of state is ordered to direct the county election authorities: (a) to prepare an opaque, adhesive sticker bearing the ballot title without the fiscal note summary and no other verbiage, which sticker shall be of sufficient size to obscure the previously printed ballot title and fiscal note summary completely; and (b) to place the opaque sticker over the previously printed ballot language for Constitutional Amendment No. 9 in such a way as to obscure all of the previously printed ballot language for that proposition.

### I.

A brief recitation of the facts is necessary for purposes of context.

Supporters of term limitations for members of the United States Congress, represented here by John Thompson, submitted initiative petitions to the secretary of state. The secretary of state initially certified that the petitions failed to contain sufficient signatures to qualify for the ballot. The proponents of the measure sought judicial review. Upon stipulation of the parties, the circuit court ordered the secretary of state to certify the question to county election authorities for inclusion on the ballot for the November 5, 1996 election. The secretary of state did as ordered, designating the term limits proposition as Constitutional Amendment No. 9. Pursuant to section 116.170.2, the committee on legislative research prepared a fiscal note summary. It reads: "The taxpayers of Missouri will have costs of over $40,000 per year to track records of candidates and county election authorities will have increased costs for printing ballots. Does not include costs of litigation."

The proponents of the measure believe the fiscal note summary is insufficient and unfair, substantially overstating the costs of the government's implementation of the amendment's requirements. They filed this action seeking, among other things, a declaration

that section 116.170.2 violates article III, section 35. The circuit court disagreed and denied relief. This appeal followed. We have jurisdiction. Mo. Const. art. V, § 3.

### II.

■ Article III, section 35, establishes the joint committee on legislative research (the Committee).

> There shall be a permanent joint committee on legislative research, selected from the members of each house as provided by law.... The committee may employ a staff as provided by law. The committee shall meet when necessary to perform the duties, *advisory to the general assembly,* assigned to it by law....

(Emphasis added.) Mo. Const. art. III, § 35. No other legislative committee owes its existence directly to a constitutional provision. See Mo. Const. art. III, § 22.

Thompson argues that this language serves as a limitation on the duties the general assembly may assign the Committee. The Committee describes Thompson's argument as "curious" and urges that well-established principles of state constitutional law defeat Thompson's argument. More specifically, the Committee argues that the legislature's power is plenary and that the state constitution serves only to limit the legislature's otherwise boundless authority,[1] and then only where the constitutional language explicitly states the limitation.

We need not decide the full measure of the legislature's power in this case. We assume for these purposes that the legislature's authority is as broad as the Committee hopes it is. We are chary to assume otherwise. The legislature's power is plenary because the people's power is plenary. The legislature represents the plenary power of the people in our three-partite system and may do everything the people have not denied it the power to do in the constitution.

Nevertheless, the Committee's argument makes no difference because the Committee is not the legislature. The Committee serves

---

1. *Americans United v. Rogers,* 538 S.W.2d 711, 716 (Mo. banc 1976); *Preisler v. Doherty,* 365 Mo. 460, 284 S.W.2d 427, 431–32 (1955).

the legislature, but it is a creation of the constitution. The Committee's authority is not co-extensive with that of the legislature; it has only the power granted it by the constitutional provision that creates it. The relevant inquiry here, therefore, is not about the power of the general assembly. Instead, the proper focus is on the authority of the Committee.

 The Committee reads section 35 to permit the Committee to perform any duties assigned it by law.[2] Its argument effectively ignores the awkwardly-inserted phrase "advisory to the general assembly" modifying the word "duties."[3] But these words mean something;[4] here, they are words of limitation. Unless the power of the Committee is plenary, and it is not, words granting certain authority exclude other powers not expressly given.[5] "[A]dvisory to the general assembly" means that the Committee's duties must relate to giving advice[6] to the general assembly and do not extend beyond that.

 Preparation of a fiscal note summary under section 116.170.2 for an initiative proposed by the people pursuant to article III, sections 49 to 51 is not advisory to the general assembly. The statement of the "estimated cost or savings, if any, to state or local governmental entities"[7] is advisory to the voters who stand in the place of the general assembly when they exercise their reserved power to propose and enact amendments to

the constitution without the aid of their elected representatives. Mo. Const. art. III, § 49. The duty section 116.170.2 imposes on the Committee is outside of the limited authority granted the Committee under article III, section 35, to perform duties advisory to the general assembly. The general assembly has no power—plenary or otherwise—to adopt a statute that increases the duties of the Committee beyond those expressly authorized by article III, section 35. To hold otherwise would permit the legislature to amend the constitution with a statute.

We hold that section 116.170.2 violates article III, section 35, and cannot stand.

### III.

The judgment of the trial court is reversed. To repeat: The secretary of state is ordered to direct the county election authorities to remove the fiscal note summary from the ballot question previously printed for Constitutional Amendment No. 9. If the fiscal note summary cannot be removed entirely from the previously-printed ballot, the secretary of state is ordered to direct the county election authorities: (a) to prepare an opaque, adhesive sticker bearing the ballot title without the fiscal note summary, which sticker shall be of sufficient size to obscure the previously printed ballot title and fiscal note summary completely; and (b) to place the opaque sticker over the previously print-

---

2. A law is a bill passed by the house of representatives and the senate that is approved by the governor, not acted upon by the governor within the time limits established in article III, section 31, Mo. Const. art. III, § 31, or approved by two-thirds of the members of the house of representatives and the senate following a gubernatorial veto. Mo. Const. art. III, § 32.

3. The "last antecedent rule" requires that qualifying phrases are applied to the phrase immediately preceding. *Citizens Bank and Trust Co. v. Director of Revenue*, 639 S.W.2d 833, 835 (Mo. banc 1982).

4. Though applied more broadly because of the permanent nature of constitutional provisions, rules of statutory construction apply to interpretation of the constitution. *Buechner v. Bond*, 650 S.W.2d 611, 612 (Mo. banc 1983). Every word in a constitutional provision is assumed to have effect and meaning; their use is not meaningless surplusage. *Id.* at 613.

5. *Brown v. Morris*, 365 Mo. 946, 290 S.W.2d 160, 166 (1956). The constitutional grant of a power to be exercised in a particular matter is a limitation on the legislature's authority to expand the power beyond that specified. *See Bohrer v. Toberman*, 360 Mo. 244, 227 S.W.2d 719, 722 (1950) (a constitutional provision authorizing the General Assembly to order a referendum as other bills are enacted means "the power to order referendum any other way than by bill is denied").

6. Advisory means "having or exercising power to advise." Webster's Third New International Dictionary 32, 1976. To "advise" is "to give advice to." *Id.* Advice is a "recommendation regarding a decision or course of conduct." *Id.*

7. § 116.170.3, RSMo 1996.

ed ballot language for Constitutional Amendment No. 9 in such a way as to obscure all of the previously printed ballot language for that proposition.

All concur.