The Honorable Tim Van Zandt State Representative, District 38 State Capitol Building Jefferson City, MO 65101
Dear Representative Van Zandt:
This opinion is in response to your questions relating to the statutory authority of commercial vehicle enforcement officers. You ask if commercial vehicle enforcement officers have the statutory authority to:
1. Make arrests related to vehicle offenses,
2. Make arrests related to non-vehicle offenses,
3. Carry concealed weapons,
4. Make arrests for lack of proof of insurance.
You also ask if a commercial vehicle enforcement officer killed in the line of duty is eligible for the same benefits as a peace officer.
The powers of commercial vehicle enforcement officers are set forth primarily in subsection 4 of Section 304.230, RSMo, as amended by House Bill No. 1802, 89th General Assembly, Second Regular Session (1998).[1] Section 304.230 provides in relevant part:
 304.230. 1. It shall be the duty of the sheriff of each county or city to see that the provisions of sections 304.170 to 304.230 are enforced, and any peace officer or police officer of any county or city or any highway patrol officer shall have the power to arrest on sight or upon a warrant any person found violating or having violated the provisions of such sections.
 2. The sheriff or any peace officer or any highway patrol officer is hereby given the power to stop any such conveyance or vehicle as above described upon the public highway for the purpose of determining whether such vehicle is loaded in excess of the provisions of sections 304.170 to 304.230, and if he or she finds such vehicle loaded in violation of the provisions thereof he or she shall have a right at that time and place to cause the excess load to be removed from such vehicle; and provided further, that any regularly employed maintenance man of the department of transportation shall have the right and authority in any part of this state to stop any such conveyance or vehicle upon the public highway for the purpose of determining whether such vehicle is loaded in excess of the provisions of sections 304.170 to 304.230, and if he or she finds such vehicle loaded in violation of the provisions thereof, he or she shall have the right at that time and place to cause the excess load to be removed from such vehicle. When only an axle or a tandem axle group of a vehicle is overloaded, . . . . The highways and transportation commission of this state may deputize and appoint any number of their regularly employed maintenance men to enforce the provisions of such sections, and the maintenance men delegated and appointed in this section shall report to the proper officers any violations of sections 304.170 to 304.230 for prosecution by such proper officers.
 3. The superintendent of the Missouri state highway patrol may assign qualified persons who are not highway patrol officers to supervise or operate permanent or portable weigh stations used in the enforcement of commercial vehicle laws. These persons shall be designated as commercial vehicle inspectors and have limited police powers:
 (1) To issue uniform traffic tickets at a permanent or portable weigh station for violations of rules and regulations of the division of motor carrier and railroad safety of the department of economic development and department of public safety, and laws, rules, and regulations pertaining to commercial motor vehicles and trailers and related to size, weight, fuel tax, registration, equipment, driver requirements, transportation of hazardous materials and operators' or chauffeurs' licenses, and the provisions of sections 303.024 and 303.025, RSMo;
 (2) To require the operator of any commercial vehicle to stop and submit to a vehicle and driver inspection to determine compliance with commercial vehicle laws, rules, and regulations, the provisions of sections 303.024 and 303.025, RSMo, and to submit to a cargo inspection when reasonable grounds exist to cause belief that a vehicle is transporting hazardous materials as defined by Title 49 of the Code of Federal Regulations;
 (3) To make arrests for violation of subdivisions (1) and (2) of this subsection. Commercial vehicle inspectors shall not have the authority to exercise the powers granted in subdivisions (1), (2) and (3) of this subsection until they have successfully completed training approved by the superintendent of the Missouri state highway patrol; nor shall they have the right as peace officers to bear arms.
 4. The superintendent of the Missouri state highway patrol may appoint qualified persons, who are not members of the highway patrol, designated as commercial vehicle enforcement officers, with the powers:
 (1) To issue uniform traffic tickets for violations of laws, rules and regulations pertaining to commercial vehicles, trailers, special mobile equipment and drivers of such vehicles, and the provisions of sections 303.024 and 303.025, RSMo;
 (2) To require the operator of any commercial vehicle to stop and submit to a vehicle and driver inspection to determine compliance with commercial vehicle laws, rules, and regulations, compliance with the provisions of sections 303.024 and 303.025, RSMo, and to submit to a cargo inspection when reasonable grounds exist to cause belief that a vehicle is transporting hazardous materials as defined by Title 49 of the Code of Federal Regulations;
 (3) To make arrests upon warrants and for violations of subdivisions (1) and (2) of this subsection. Commercial vehicle enforcement officers shall not have the authority to exercise the powers granted in subdivisions (1), (2) and (3) of this subsection until they have successfully completed training approved by the superintendent of the Missouri state highway patrol. Commercial vehicle enforcement officers shall have the right as peace officers to bear arms.
[Emphasis added.]
* * *
Section 304.001, RSMo Supp. 1997, in subsection 2 defines "commercial vehicle enforcement officer." Section 304.001
provides in relevant part:
 304.001. Definitions for chapter 304 and chapter 307. — As used in this chapter and chapter 307, RSMo, the following terms shall mean:
* * *
 (2) "Commercial vehicle enforcement officers", employees of the Missouri state highway patrol who are not members of the patrol but who are appointed by the superintendent of the highway patrol to enforce the laws, rules, and regulations pertaining to commercial vehicles, trailers, special mobile equipment and drivers of such vehicles;
 (3) "Commercial vehicle inspectors", employees of the Missouri state highway patrol who are not members of the patrol but who are appointed by the superintendent of the highway patrol to supervise or operate permanent or portable weigh stations in the enforcement of commercial vehicle laws;
* * *
Your first and second questions ask about the authority of commercial vehicle enforcement officers to make arrests. Subsection 4(3) of Section 304.230 authorizes such officers to make arrests for violations of subdivisions (1) and (2) of subsection 4. Subdivisions (1) and (2) basically refer to violations of commercial vehicle laws, rules and regulations. Therefore, commercial vehicle enforcement officers are authorized by subsection 4(3) of Section 304.230 to make arrests for violations of those offenses referred to in subdivisions (1) and (2) of subsection 4 of Section 304.230.
Subsection 4(3) also authorizes commercial vehicle enforcement officers to make arrests upon warrants. We need to consider if such officers may make arrests on any outstanding warrant or only on warrants relating to violations of subdivisions (1) and (2) of subsection 4. The pertinent language in subsection 4(3) states: "To make arrests upon warrants and for violations of subdivisions (1) and (2) of this subsection." In determining the legislature's intention, provisions of the entire legislative act must be construed together, and if reasonably possible, all provisions must be harmonized. Collins v. Director of Revenue,691 S.W.2d 246, 251 (Mo. banc 1985); State v. Sledd, 949 S.W.2d 643,646 (Mo.App. 1997). Subsection 4 of Section 304.230 was initially enacted in 1994 as part of Senate Bill No. 475, 87th General Assembly, Second Regular Session. Senate Bill No. 475 also initially enacted the definition of "commercial vehicle enforcement officers" set forth in subsection 2 of Section304.001. The definition of commercial vehicle enforcement officers in subsection 2 of Section 304.001 refers to such officers as enforcing laws, rules and regulations pertaining to commercial vehicles, trailers, special mobile equipment and drivers of such vehicles. Such definition indicates limited enforcement powers and does not give any indication of a legislative intent for such officers to make arrests on warrants for offenses other than those in subdivisions (1) and (2) of subsection 4 of Section 304.230. In harmonizing the definition in subsection 2 of Section 304.001
with the power to make "arrests upon warrants" in subsection 4(3) of Section 304.230, we conclude the authority to make arrests upon warrants in subsection 4(3) refers only to arrests upon warrants relating to violations of subdivisions (1) and (2) of subsection 4.
Commercial vehicle enforcement officers have the power of arrest provided in subsection 4 of Section 304.230. Where special powers are expressly conferred or special methods are expressly prescribed for the exercise of power, other powers and procedures are excluded. Brown v. Morris, 290 S.W.2d 160, 166 (Mo. banc 1956). See also Thompson v. Committee on Legislative Research,932 S.W.2d 392, 395 (Mo. banc 1996) and State v. Ruch, 926 S.W.2d 937,939 (Mo.App. 1996). Commercial vehicle enforcement officers have no power to make arrests for offenses other than as provided in subsection 4.
Your third question asks if commercial vehicle enforcement officers may carry concealed weapons. Subsection 4(3) of Section304.230 states: "Commercial vehicle enforcement officers shall have the right as peace officers to bear arms." Section 571.030, RSMo, as amended by Senate Substitute for Senate Bill No. 478, 89th General Assembly, Second Regular Session (1998), makes carrying a concealed weapon a crime but provides exemptions for certain persons. Those exempted pursuant to subsection 2(1) of Section 571.030 are:
 (1) All state, county and municipal law enforcement officers possessing the duty and power of arrest for violation of the general criminal laws of the state or for violation of ordinances of counties or municipalities of the state, or any person summoned by such officers to assist in making arrests or preserving the peace while actually engaged in assisting such officer;
Subsection 4(3) of Section 304.230 expressly gives commercial vehicle enforcement officers the right as peace officers to bear arms. Peace officers as listed in subsection 2(1) of Section571.030 are exempt from the statutory prohibition against carrying concealed weapons. Therefore, commercial vehicle enforcement officers are not prohibited by statute from carrying concealed weapons.
Your fourth question asks if commercial vehicle enforcement officers may make arrests for lack of proof of insurance. This question was resolved by a 1998 statutory amendment to subdivisions (1) and (2) of subsection 4 of Section 304.230 by House Bill No. 1802. In subdivision (1) of subsection 4 the phrase "and the provisions of sections 303.024 and 303.025, RSMo" was added, and in subdivision (2) the phrase "compliance with the provisions of sections 303.024 and 303.025, RSMo" was added. Sections 303.024 and 303.025 are the provisions that require the owner of a motor vehicle to maintain financial responsibility and to have an insurance identification card carried in the motor vehicle. Subsection 4(3) of Section 304.230 authorizes commercial vehicle enforcement officers to make arrests for violations of subdivisions (1) and (2) of subsection 4. The 1998 statutory amendment to subdivisions (1) and (2) adding the reference to Sections 303.024 and 303.025 gives commercial vehicle enforcement officers the power to make arrests for violations of Sections303.024 and 303.025, relating to proof of insurance.
Your final question asks if a commercial vehicle enforcement officer killed in the line of duty is eligible for the same benefits as a peace officer. You have provided no information regarding the death of a commercial vehicle enforcement officer and we are unaware of any commercial vehicle enforcement officer being killed recently in the line of duty. Determining the benefits available to the estate or family of a commercial vehicle enforcement officer is a matter to be considered in the context of a specific fact situation. Therefore, we respectfully decline to opine in response to this question.
 CONCLUSION
It is the opinion of this office that: (1) commercial vehicle enforcement officers are authorized by subsection 4(3) of Section 304.230, RSMo, as amended by House Bill No. 1802, 89th General Assembly, Second Regular Session (1998), to make arrests for violations of those offenses referred to in subdivisions (1) and (2) of subsection 4 of Section 304.230, (2) the authority of commercial vehicle enforcement officers under subsection 4(3) of Section 304.230 to make arrests upon warrants refers only to arrests upon warrants relating to violations of subdivisions (1) and (2) of subsection 4 of Section 304.230, (3) commercial vehicle enforcement officers are not prohibited by Section 571.030, RSMo, as amended by Senate Substitute for Senate Bill No. 478, 89th General Assembly, Second Regular Session (1998), from carrying concealed weapons, and (4) commercial vehicle enforcement officers may make arrests for violations of Sections 303.024 and 303.025, RSMo, relating to proof of insurance.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
[1] This opinion does not address "commercial vehicle inspectors" whose powers are set forth primarily in subsection 3 of Section 304.230.