Robin WRIGHT–JONES, Respondent,

v.

Jamilah NASHEED, Appellant.

No. SC 92621.

Supreme Court of Missouri,
En Banc.

June 19, 2012.

Rehearing Denied June 20, 2012.

David E. Roland and Eric E. Vickers, St. Louis, for Nasheed.

Elbert A. Walton Jr., Metro Law Firm LLC, St. Louis, for Wright–Jones.

Chris Koster, Attorney General, James R. Layton, Solicitor General Attorney General's office, Jefferson City, for State of Missouri, which submitted a brief as a friend of the Court.

PER CURIAM.

Jamilah Nasheed appeals from the trial court's judgment in favor of Robin Wright–Jones on her petition challenging the qualifications of Nasheed to run for election in the Democratic Party primary for state senator for the 5th district. The trial court found the residency requirement of art. III, sec. 6 of the Missouri Constitution was ambiguous and Nasheed did not satisfy that requirement to run in the 5th district. This Court holds that Nasheed is eligible to run in the Democratic primary for the 5th district because an exception in art. III, sec. 6 does not require Nasheed to live within the boundaries of the reapportioned senate district she seeks to represent. The exception provides that if the reapportionment of the districts is less than one year before the general election, candidates may reside in any district from which a portion was in-

corporated into the new district where the candidate seeks office, even if the candidate does not reside in that incorporated portion. The judgment of the trial court is reversed.[1]

### FACTS

The facts in this case are not in dispute. Wright–Jones and Nasheed both filed declarations as candidates for nomination by the Democratic Party in the 5th senate district. The Missouri Senate Reapportionment Commission filed a senate district reapportionment plan on March 12, 2012,[2] changing the boundaries of the old 5th district to include areas previously located within other old state senatorial districts, including the old 4th district. At all times relevant, Wright–Jones resided, and continues to reside, in the new 5th district.

Prior to the reapportionment plan, and at all times relevant, Nasheed resided in the old 4th senate district. Following reapportionment, her residence remained within the boundaries of the old 4th district, but not in an area that was incorporated in the new 5th district as a result of reapportionment.

Wright–Jones filed suit under section 115.526, RSMo 2000, challenging Nasheed's qualifications to seek the nomination of the Democratic Party to run for election in the 5th district. Wright–Jones asserted that art. III, sec. 6 requires a candidate for state senate to have resided for one year in the relevant legislative district. Wright–Jones acknowledged that the new 5th district will not be established for one year prior to the general election. She argued, however, that art. III, sec. 6 requires that candidates for state senate must have resided within the district as defined after reapportionment. Because Nasheed does not reside within the boundaries of the new 5th district, Wright–Jones contends that Nasheed does not satisfy the constitutional residency requirements to be eligible to seek nomination to run for state senate in the 5th District.

Nasheed countered that she satisfied all constitutional requirements because art. III, sec. 6 provides an exception to the requirement of in-district residency when reapportionment occurs less than one year prior to a general election, as is the case here. She argued that in this circumstance, art. III, sec. 6 allows a candidate to seek election in any senate district in which the candidate does not reside when any part of the senate district in which the candidate does reside is incorporated within the boundaries of the senate district the candidate seeks to represent, provided the candidate has lived anywhere within the senate district in which he or she currently resides for one year.

In its judgment, the trial court noted the parties' opposing constructions of the relevant constitutional provision. The trial court found the one year residency requirement of art. III, sec. 6 ambiguous as it relates to senate districts following reapportionment when the general election is scheduled to take place less than one year after reapportionment. The trial court held that art. III, sec. 6 requires that a candidate must have resided for one year within the senate district the candidate seeks to represent as it is defined follow-

---

1. This Court transferred the case after a majority opinion by the court of appeals authored by the Honorable Kurt Odenwald, and a dissent authored by the Honorable Clifford Ahrens. Portions of those opinions are used without further attribution. This Court has jurisdiction. *Mo. Const. art.V, sec. 10.*

2. This date reflects that the reapportionment plan will be on file less than one year before the November 6, 2012 election.

ing reapportionment. Accordingly, the trial court held that Nasheed did not satisfy the residency requirement to run for senator for the 5th District. Nasheed appeals.

## STANDARD OF REVIEW

■ This Court reviews the trial court's interpretation of the Missouri Constitution *de novo*. *State v. Biggs*, 333 S.W.3d 472, 477 (2011).

## ANALYSIS

■ This case presents a question regarding the construction of art. III, sec. 6 in the context of residency requirements after a reapportionment of a state senate district. Article III, section 6 states:

Each senator shall be thirty years of age, and next before the day of his election shall have been a qualified voter of the state for three years and a resident of the district which he is chosen to represent for one year, if such district shall have been so long established, and if not, then *of the district or districts from which the same shall have been taken.* (emphasis added).

Mo. Const. art. III, sec. 6.

The issue before this Court is whether, in the context of reapportionment within one year of a general election, art. III, sec. 6 requires a candidate for state senate to reside for one year within the new district created by reapportionment; or whether a candidate satisfies the one year residency requirement by residing in any district from which a portion was incorporated into the new district where the candidate seeks office, even if the candidate does not reside in that portion.

Wright–Jones does not dispute that Nasheed is at least 30 years of age and that she has been a qualified voter in Missouri for at least three years. Wright–

Jones asserts, however, that Nasheed does not meet the residency requirement as it applies to new districts. Article III, section 6, must be construed to determine whether Nasheed is "a resident of the district or districts from which the same shall have been taken." Simply put, is she a resident of any district from which the new 5th district was created? Yes. Nasheed currently resides in the old 4th district, which is one of the districts from which the new 5th district was created. As such, she satisfies the constitutional residency requirement for the 2012 election.

■ Words used in constitutional provisions are interpreted to give effect to their plain, ordinary, and natural meaning. *Buechner v. Bond*, 650 S.W.2d 611, 613 (Mo. banc 1983). The plain and ordinary meaning of the words "the district or districts" is broad and unrestrictive and, hence, includes any part of such district(s). Had the drafters of the constitution wished to limit eligibility to candidates residing only in those parts of the old districts that were absorbed into the new one, they could have crafted narrowing language to that effect. They did not, and, given the clear and unambiguous language of the clause this Court need not speculate as to their intent.

■ Wright–Jones's interpretation obliges this Court to read words into the clause that are not there. The language of this clause is susceptible to a clear and unambiguous interpretation based only on the plain and ordinary meaning of the words. A court may not add words by implication when the plain language is clear and unambiguous. *State ex rel. Young v. Wood*, 254 S.W.3d 871, 873 (Mo. banc 2008).[3]

Additionally, Wright–Jones suggests that Nasheed's literal interpretation would

**3.** Although *State ex rel. Young v. Wood* cited

this rule as it applies to interpretation of a

produce the unintended result that a candidate could continue to reside outside the district she represents for the duration of her term. This concern is wholly unfounded as this interpretation has been historically followed for decades.[4] Although not binding, the interpretations by the attorney general, historically and currently, support this position. Mo. Atty. Gen. Ops. 104–67 (Anderson, 1967) and 56–82 (Ashcroft, 1982); *Amicus Curiae* Brief 5 (Koster, 2012). Further, the secretary of state has advised potential candidates throughout the years accordingly.

The trial court's judgment is reversed.

All concur.

statute, the same rules of construction apply when examining a constitutional provision. *Thompson v. Committee on Legislative Research,* 932 S.W.2d 392, 395 n. 4 (Mo. banc 1996).

4. Even if a non-resident candidate would achieve victory in a new district, the new senator would still be subject to the one-year residency requirement in a subsequent election, and, prior to the next primary, must have resided in the new district for at least one year.