

# In the
# Missouri Court of Appeals
## Western District

MISSOURI HIGHWAYS AND
TRANSPORTATION COMMISSION,  )
                                    )

      **Respondent,**         )      **WD86843**

                                    )

**V.**                                )      **OPINION FILED:**

                                  )      **NOVEMBER 26, 2024**

**KENNETH ZELLERS,**       )
**COMMISSIONER OF**        )
**ADMINISTRATION,**         )

                                  )

      **Appellant.**          )

---

### Appeal from the Circuit Court of Cole County, Missouri
The Honorable Cotton Walker, Judge

Before Division Three:  Mark D. Pfeiffer, Presiding Judge, Gary D. Witt, Judge and
Thomas N. Chapman, Judge

Kenneth Zellers, in his official capacity as Commissioner of the Missouri Office

of Administration, ("Commissioner")[1], appeals a judgment from the Circuit Court of Cole

County, Missouri ("trial court"), granting the Missouri Highways and Transportation

Commission's ("MHTC") motion for judgment on the pleadings.  The Commissioner

raises one point on appeal and argues the trial court erred in concluding article IV, section

---

[1] At the time MHTC's petition was filed, Kenneth Zellers was the Acting Commissioner
of the Missouri Office of Administration.  On March 10, 2022, Zellers was confirmed by the
Missouri Senate as the Commissioner of the Missouri Office of Administration.

30(b).1 of the Missouri Constitution permits MHTC to access and use funds from the State Road Fund to implement a pay plan for Missouri's Department of Transportation ("MoDOT") employees without legislative appropriation of funds for that purpose. We affirm the judgment of the trial court.

## Factual and Procedural Background

MHTC is a state entity whose creation is currently codified by section 226.020,[2] adopted in 1939, and it is vested with constitutional authority as set forth in article IV, sections 29-34 of the Missouri Constitution. In November of 2004, article IV, section 30(b).1 was revised through an initiative petition which was adopted by voters through Constitutional Amendment 3. In relevant part, the revisions were as follows:[3]

> 1. For the purpose of constructing and maintaining an adequate system of connected state highways all state revenue derived from highway users as an incident to their use or right to use the highways of the state. . . shall be deposited in [credited to] the state road fund which is hereby created within the state treasury and stand appropriated without legislative action to be used and expended by the highways and transportation commission for the following purposes, and no other:

> First, to the payment of the principal and interest on any outstanding state road bonds. . . .

> Second, to maintain a [any] balance in the state road fund in [excess of] the amount deemed necessary to meet the payment of the principal and interest of any state road bonds for the next succeeding twelve months [shall be credited to the state road fund and shall be expended].

---

[2] All statutory references are to the Revised Statutes of Missouri (2016), as currently updated by supplement. This provision's true origins can be traced back to the statutory adoption of the Centennial Road Law of 1921 which was later codified in the Constitution by a vote of the people as article IV, section 44a on November 6, 1928. *See State ex rel. Spearman v. Mo. State Highway Comm'n*, 53 S.W.2d 282, 284 (Mo. banc 1932).

[3] Additions to the then existing provision are underlined and deletions are bracketed.

2

> The remaining balance in the state road fund shall be used and expended in the sole discretion of and under the supervision and direction of the highways and transportation commission for the following state highway system uses and purposes and no other: . . . (4) To acquire materials, equipment and buildings and to employ such personnel as necessary for the purposes [herein] described in this subsection 1 . . . .

The General Assembly annually appropriates money to MHTC from the State Road Fund. For the 2022 Fiscal Year, MHTC adopted a market pay plan intended to increase wages and salaries for many MoDOT employees. MHTC determined such increases were necessary to fulfill its constitutional obligation to attract and retain employees necessary for MoDOT to construct and maintain an adequate state highway system. *See* MO. CONST. art. IV, sec. 30(b).1. To implement the proposed market pay plan during the 2022 Fiscal Year, MHTC determined more funds were necessary than the General Assembly had appropriated for employee pay and that the bulk of these additional funds would be paid out of the State Road Fund. If MHTC implemented the market pay plan for the remainder of the 2022 Fiscal Year the amounts established in the General Assembly's appropriation bill would be exhausted before the end of the fiscal year; however, MHTC determined there would be a sufficient balance in the State Road Fund to fully fund the State Road Fund portion of the pay plan. On October 20, 2021, the Chair of MHTC and the Director of MoDOT wrote to the Commissioner, asking him to "move the requested increase in State Road Fund appropriations," as MHTC intended to implement its market pay plan. Neither the Commissioner nor the Office of Administration moved funds in excess of the General Assembly's appropriations as the Commissioner refused to treat MHTC's request as an appropriation authorized by law.

3

*See* MO. CONST. art. IV, sec. 28 ("No money shall be withdrawn from the state treasury except by warrant drawn in accordance with an appropriation made by law . . . .").

On December 2, 2021, MHTC filed a petition for declaratory judgment asserting: the State Road Fund was available to MHTC without legislative action to be used in accordance with the purposes listed in article IV, section 30(b).1; the market plan adopted by MHTC was within the scope of permissible uses; and thus, a request by MHTC to the Commissioner to expend the State Road Fund for a constitutionally permissible purpose, "shall be granted even if that request is for an amount that exceeds or does not appear in a pertinent line item in an appropriations bill enacted by the General Assembly." Subsequently, MHTC and the Commissioner filed cross-motions for judgment on the pleadings, and a hearing was held on February 10, 2022. On October 5, 2023, a subsequent hearing was held in light of the recent Missouri Supreme Court decision *Conservation Commission v. Bailey*, 669 S.W.3d 61 (Mo. banc 2023). In accordance with the constitutional provision's plain language and applying the recent Missouri Supreme Court decision, the trial court held the entire State Road Fund "stand[s] appropriated without legislative action" pursuant to article IV, section 30(b).1. The trial court found that the Commissioner must approve warrants for payments for the state highway system purposes listed in article IV, section 30(b).1, upon request or instruction of MHTC, "when the request is for a constitutionally authorized purpose and there is a sufficient balance in the State Road Fund." The Commissioner filed a motion to amend

4

the judgment, asserting the trial court misapplied the law, which was denied by the trial court. This appeal follows.[4]

## Standard of Review

"This Court reviews the circuit court's grant of judgment on the pleadings *de novo*." *City of St. Louis v. State*, 643 S.W.3d 295, 299 (Mo. banc 2022) (internal quotation omitted). "A motion for judgment on the pleadings should be sustained if, from the face of the pleadings, the moving party is entitled to judgment as a matter of law." *Woods v. Mo. Dep't of Corr.*, 595 S.W.3d 504, 505 (Mo. banc 2020) (internal citation omitted). Here, the trial court's grant of MHTC's motion for judgment on the pleadings was based on its interpretation of article IV, section 30(b).1. "Constitutional interpretation is a question of law this Court reviews *de novo*." *Faatz v. Ashcroft*, 685 S.W.3d 388, 400 (Mo. banc 2024).

## Interpretation of article IV, section 30(b).1

In his sole point on appeal, the Commissioner argues that the trial court erred in concluding the entire State Road Fund stands appropriated without legislative action, under article IV, section 30(b).1 because the language of the provision makes clear that the standing appropriation applies only to two specific spending purposes, neither of which are applicable here.

"In construing a constitutional provision, we follow the same rules we apply when interpreting statutes." *Mo. Chamber of Commerce. & Indus. v. Mo. Ethics Comm'n*, 581

---

[4] Both parties moved to transfer this matter to the Missouri Supreme Court prior to the argument in this court; transfer was denied by the Supreme Court on March 5, 2024.

S.W.3d 89, 92 (Mo. App. W.D. 2019). "Words used in constitutional provisions are interpreted to give effect to their plain, ordinary, and natural meaning." *Id.* (quoting *Wright-Jones v. Nasheed*, 368 S.W.3d 157, 159 (Mo. banc 2012)). "Where the language is clear and unambiguous, we will give effect to the language as written, and will not engage in statutory construction." *Rinehart v. Bateman*, 363 S.W.3d 357, 368 (Mo. App. W.D. 2012) (internal quotation omitted).

Article IV, section 30(b).1 provides, in relevant part:

> 1. For the purpose of constructing and maintaining an adequate system of connected state highways all state revenue derived from highway users as an incident to their use or right to use the highways of the state . . . shall be deposited in the state road fund which is hereby created within the state treasury and stand appropriated without legislative action to be used and expended by the highways and transportation commission for the following purposes, and no other:
> First, to the payment of the principal and interest on any outstanding state road bonds. The term state road bonds in this section 30(b) means any bonds or refunding bonds issued by the highways and transportation commission to finance or refinance the construction or reconstruction of the state highway system.
> Second, to maintain a balance in the state road fund in the amount deemed necessary to meet the payment of the principal and interest of any state road bonds for the next succeeding twelve months.
> The remaining balance in the state road fund shall be used and expended in the sole discretion of and under the supervision and direction of the highways and transportation commission for the following state highway system uses and purposes and no other: . . . (4) To acquire materials, equipment and buildings and to employ such personnel as necessary for the purposes described in this subsection 1[.] . . .

Commissioner directs us to the Missouri Constitution's general dictate that "[n]o money shall be withdrawn from the state treasury except by warrant drawn in accordance with an appropriation made by law . . . ." MO. CONST. art. IV, sec. 28. If the Commissioner were to certify any unauthorized payments, "he shall, upon conviction, be

punished by imprisonment in the penitentiary for not less than two years nor more than five years." Sec. 33.200. Here, the Commissioner asserts MHTC's request to move additional funds from the State Road Fund for the purpose of implementing its market pay plan was unauthorized by law because it was greater than the General Assembly's appropriation for that purpose, and article IV, section 30(b).1's language providing for a standing appropriation was inapplicable.

Both parties agree that the constitutional provision regarding the MHTC's control over the State Road Fund "stand[s] appropriated without legislative action" creates a standing appropriation. The ultimate disagreement, however, is the extent and reach of this language. MHTC asserts this language applies to the entire State Road Fund whereas the Commissioner interprets the language to apply only to: 1) the payment of the principal and interest on any outstanding state road bonds, and 2) maintaining sufficient funds necessary to "meet the payment of the principal and interest of any state road bonds for the next succeeding twelve months." We find the trial court did not err because article IV, section 30(b).1 unambiguously provides that the *entire* State Road Fund stands appropriated without legislative action.

Article IV, section 30(b).1 provides that all state revenue derived from highway users, "shall be deposited in **the state road fund** which is hereby created within the state treasury and **stand appropriated without legislative action** to be used and expended by the highways and transportation commission[.]" (emphasis added). From the plain reading of this provision, it is evident that the standing appropriation applies to the *entire* State Road Fund. Contrary to the Commissioner's assertion, article IV, section 30(b).1

7

does not exclude a certain category of spending from the standing appropriation, but rather the provision sets forth the prioritization in which funds from the State Road Fund shall be used. The first portion of article IV, section 30(b).1 provides:

> 1. For the purpose of constructing and maintaining an adequate system of connected state highways all state revenue derived from highway users as an incident to their use or right to use the highways of the state . . . shall be deposited in the state road fund which is hereby created within the state treasury and stand appropriated without legislative action to be used and expended by the highways and transportation commission for the following purposes, and no other:
>
> **First**, to the payment of the principal and interest on any outstanding state road bonds. . . .
>
> **Second**, to maintain a balance in the state road fund in the amount deemed necessary to meet the payment of the principal and interest of any state road bonds for the next succeeding twelve months.

(Emphasis added). The inclusion of the words "first" and "second" demonstrate that MHTC is obligated to: first pay the principal and interest on any outstanding state road bonds, and then maintain a balance in the State Road Fund in the amount necessary to meet the payment of the principal and interest of any state road bonds for the next succeeding twelve months. *See generally State ex rel. Universal Credit Acceptance, Inc. v. Reno*, 601 S.W.3d 546, 548 (Mo. banc 2020)("Generally the word 'shall' connotes a mandatory duty.") (internal citation omitted).

Once MHTC complies with these requirements, MHTC retains sole discretion in using and expending the remaining balance of the State Road Fund in accordance with the constitutionally permissible uses. Specifically, the subsequent portion of article IV, section 30(b).1 provides:

> The remaining balance in the state road fund **shall be used and expended in the sole discretion of** and under the supervision and direction of the

8

highways and transportation commission for the following state highway system uses and purposes and no other: . . . (4) To acquire materials, equipment and buildings and to employ such personnel as necessary for the purposes described in this subsection 1[.] . . .

(Emphasis added). Without legislative interference, MHTC has the discretion to use and expend the remaining funds for any constitutionally permissible use, including the ability to use the funds to "employ such personnel as necessary." Contrary to the Commissioner's interpretation, the fact that the provision reuses the phrases "used and expended" and "for the following . . . uses and purposes and no other," does not change the fact the *entire* State Road Fund stands appropriated without legislative action. Rather, this second use of "used and expended" reinforces the fact that MHTC is to have "sole discretion" over the remaining balance of the State Road Fund, leaving no room for the General Assembly to interfere with the MHTC's performance of its constitutional purposes. *See Conservation Commission*, 669 S.W.3d at 68. Moreover, the second reiteration of using money from the State Road Fund "for the following . . . uses and purposes and no other," is used to articulate that MHTC's sole discretion in the use of the remaining balance of the State Road Fund is limited only by the "uses and purposes [enumerated] and no other."

Our interpretation of article IV, section 30(b).1 is in accordance with the Missouri Supreme Court's recent decision in *Conservation Commission*, where the Court held that article IV, sections 40-44 of the Missouri Constitution granted the Conservation Commission plenary authority to expend and use funds for enumerated purposes without legislative direction or oversight. *See Conservation Comm'n*, 669 S.W.3d at 67. The

9

Court held those constitutional provisions unambiguously: 1) required the Conservation Commission to fulfill its enumerated purposes, 2) granted the Commission the power to "expend and use funds" to carry out those purposes, and 3) provided a direct source of funding solely devoted to the Commission's performance of those purposes. *Id.* at 68. Given the Commission's sole authority over the constitutionally prescribed matters and the constitutional directive that it "expend and use" funds to fulfill its obligations, the Court held that the provisions did not "leave any room for the General Assembly to interfere with the Conservation Commission's performance of its constitutional purposes." *Id.*

In accordance with *Conservation Commission*, a plain reading of article IV, section 30(b).1, as adopted by a vote of the people of the state, declares that the MHTC has express and exclusive authority to use and expend the State Road Fund in accordance with its constitutional obligations. Moreover, unlike in the provisions addressed in *Conservation Commission*, article IV, section 30(b).1 **specifically** provides that the State Road Fund is to "stand appropriated without legislative action."[5] Therefore article IV, section 30(b).1 unambiguously dictates that the entire State Road Fund stands appropriated without legislative action, and thus, the Commissioner is required to process

---

[5] It is of note that on two separate occasions, in 1962 and 1979, the General Assembly placed before voters House Joint Resolutions on the ballot, all of which left unchanged the Constitutional mandate that the designated State Road Fund is to "stand appropriated without legislative action." *See* H.R.J. Res. 24, 71st Gen. Assemb., Reg. Sess. (Mo. 1961); H.R.J. Res. 39, 80th Gen. Assemb., Reg. Sess. (Mo. 1979); H.R.J. Res. 40, 80th Gen. Assemb., Reg. Sess. (Mo. 1979); H.R.J. Res. 44, 80th Gen. Assemb., Reg. Sess. (Mo. 1979); H.R.J. Res. 48, 80th Gen. Assemb., Reg. Sess. (Mo. 1979). The General Assembly did not see fit to ask the voters to provide legislative oversight of the expenditure of these road funds.

payment requests from the State Road Fund submitted by MHTC so long as the use of the funds is for the purposes enumerated in article IV, section 30(b).1, and there is a sufficient balance remaining in the State Road Fund.  The payment of the employees of MHTC is within the constitutionally permissible uses of the State Road Fund to "employ such personnel as necessary."   Point denied.

## Conclusion

We affirm the judgment of the trial court.

_____
Gary D. Witt, Judge

All concur

11