

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

|  |  |  |
|---|---|---|
| C.S., | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | WD86693 |
| | ) | |
| MISSOURI STATE HIGHWAY | ) | |
| PATROL CRIMINAL JUSTICE | ) | |
| INFORMATION SERVICE; | ) | |
| LAFAYETTE PROSECUTING | ) | |
| ATTORNEY, | ) | Filed: December 24, 2024 |
| | ) | |
| Respondents. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF LAFAYETTE COUNTY**
**THE HONORABLE DENNIS A. ROLF, JUDGE**

**BEFORE DIVISION ONE: LISA WHITE HARDWICK, PRESIDING**
**JUDGE,CYNTHIA L. MARTIN, JUDGE, JANET SUTTON, JUDGE**

C.S. appeals the circuit court's judgment denying his petition against the Missouri

State Highway Patrol Criminal Justice Information Services, the Lafayette County

Sheriff's Department, the Lafayette County Prosecuting Attorney, the Lafayette County

Jail, the Lafayette County Circuit Court, and the Missouri Department of Corrections

(collectively, "Respondents"), to expunge his conviction for unlawful use of a weapon

with marijuana possession pursuant to Article XIV, Section 2 of the Missouri

Constitution. He contends the court erred in determining this conviction does not qualify as a "marijuana offense" eligible for expungement. For reasons explained herein, we reverse and remand the case to the circuit court.

## FACTUAL AND PROCEDURAL HISTORY

On February 19, 2017, C.S. was driving his vehicle when a Missouri State Highway Patrol officer stopped him. The officer noticed the smell of marijuana and obtained permission from C.S. to search the vehicle. He found 8.5 grams of marijuana and a handgun in the glovebox, and an additional 75.1 grams of marijuana in the vehicle's trunk.

The State charged C.S. with two counts: Count I, unlawful possession of a controlled substance by possessing more than 35 grams of marijuana, a class D felony pursuant to Section 579.015;[1] and Count II, unlawful use of a weapon by possessing a firearm while also in possession of more than 35 grams of marijuana, a class E felony pursuant to Section 571.030.1(11) and Section 571.030.8(1). On January 21, 2020, C.S. pled guilty to both counts. The court sentenced C.S. to prison terms of seven years on Count I and four years on Count II but suspended execution of sentence and placed him on probation for five years. C.S.'s probation was revoked on January 19, 2021, and his sentence was executed.

In 2022, Missouri voters passed an initiative petition to amend the Missouri Constitution with Article XIV, which legalized the recreational use and possession of

---

[1] All statutory references are to the Revised Statutes of Missouri 2016, as updated by the 2017 Supplement, unless otherwise indicated.

marijuana and allowed for the expungement of "applicable marijuana offenses." In June 2023, C.S., while incarcerated, filed a *pro se* petition for expungement of Count I. C.S.'s attorney later filed an amended petition requesting the expungement of both Count I and Count II.

Following a hearing on the amended petition, the circuit court entered a judgment granting the expungement on Count I and denying relief on Count II. In denying relief on the conviction for unlawful use of a weapon for possessing a firearm and marijuana, the court concluded it is a weapons offense and, therefore, is not eligible for expungement under Article XIV. C.S. appeals the denial of expungement on his Count II conviction.

## STANDARD OF REVIEW

An appellate court will affirm the circuit court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *N.M.C. v. Mo. State Highway Patrol Criminal Records Repository,* 661 S.W.3d 18, 23 (Mo. App. 2023). Statutory and constitutional interpretations are questions of law that are reviewed *de novo*. *St. Louis Police Leadership Org. v. City of St. Louis*, 484 S.W.3d 882, 888 (Mo. App. 2016).

## ANALYSIS

In his sole point on appeal, C.S. contends the circuit court erred in denying his request to expunge his conviction for unlawful use of a weapon for possessing a firearm with marijuana because Article XIV decriminalizes that offense and allows for its expungement as an applicable marijuana offense. Respondents argue that, even though

3

possession of a weapon with marijuana under Section 571.030.1(11) is no longer criminalized, C.S.'s conviction is for a weapons offense and does not qualify for expungement under Article XIV.

In statutory expungement cases, the petitioner has the burden to prove he is entitled to expungement. *R.H. v. Mo. State Highway Patrol Crim. Rec. Repository*, 578 S.W.3d 398, 405 (Mo. App. 2019). Section 2.1 of Article XIV states the purpose of the section is, among other things, to make possession of marijuana legal for adults 21 years or older and to provide "for the expungement of prior marijuana related convictions." *R.M.S. v. Lafayette Cty. Prosecuting Attorney*, 696 S.W.3d 401, 404 (Mo. App. 2024). Section 2.10(7)(a)a-c of Article XIV authorizes expungement of the following marijuana convictions:

> Any person currently incarcerated in a prison . . .:
>
> a.  Who would not have been guilty of an adult or juvenile offense, had sections 1 and 2 of this Article been in effect at the time of the offense; or
>
> b. Who would have been guilty of a lesser adult or juvenile offense had sections 1 and 2 of this Article been in effect at the time of the offense; or
>
> c. Who is serving a sentence for a marijuana offense which is a misdemeanor, a class E felony, or a class D felony, or successor designations, involving possession of three pounds or less of marijuana, excluding offenses involving distribution or delivery to a minor, any offenses involving violence, or any offense of operating a motor vehicle while under the influence of marijuana;
>
> may petition the sentencing court to vacate the sentence, order immediate release from incarceration and other supervision by the department of corrections, and the expungement of all government records of the case. Such expungement from all government records shall be granted for all of the person's applicable marijuana offenses, absent good cause for denial.

4

MO. CONST. ART. XIV, § 2.10(7)(a)a-c. C.S. seeks expungement under Section 2.10(7)(a)c, which permits expungement for any person serving a sentence for "a marijuana offense which is a misdemeanor, a class E felony, or a class D felony, . . . involving possession of three pounds or less of marijuana."

The circuit court found C.S.'s conviction of the class E felony of unlawful use of a weapon for possessing a firearm and marijuana under Section 571.030.1(11) is not expungable because it is a weapons offense and not a marijuana offense. Section 571.030.1(11), however, makes the non-criminal act of possessing a firearm a crime based *solely and only* on the fact the defendant contemporaneously possessed a controlled substance in an amount that was sufficient for a felony violation of Section 579.015 – the statute that made the possession of 35 grams or more of marijuana a class D felony. Thus, but for C.S.'s possession of 35 grams or more of marijuana, he could not have been charged with unlawful use of a weapon under Section 571.030.1(11).

Although Article XIV, Section 2 includes a lengthy section of definitions, the term "marijuana offense," as used in Section 2.10(7)(a)c, is not defined. Therefore, the determination of what "marijuana offense" means in this provision is a matter of construction. In construing a constitutional provision, we apply the same rules that we apply in interpreting statutes. *Mo. Chamber of Commerce & Indus. v. Mo. Ethics Comm'n*, 581 S.W.3d 89, 92 (Mo. App. 2019). "Words used in constitutional provisions are interpreted to give effect to their plain, ordinary, and natural meaning." *Id.* (quoting *Wright-Jones v. Nasheed*, 368 S.W.3d 157, 159 (Mo. banc 2012)). "The ordinary, usual and commonly understood meaning is, in turn, derived from the dictionary." *Mo.*

5

*Prosecuting Attorneys v. Barton Cty.*, 311 S.W.3d 737, 741 (Mo. banc 2010) (citations omitted). "[D]ue regard is given to the primary objectives of the provision in issue as viewed in harmony with all related provisions, considered as a whole." *Id.* at 742 (citations omitted).

"Marijuana" is defined by Section 2 to mean: "Cannabis indica, Cannabis sativa, and Cannabis ruderalis, hybrids of such species, and any other strains commonly understood within the scientific community to constitute marijuana, as well as resin extracted from the marijuana plant and marijuana-infused products." MO. CONST. ART. XIV, §2.2(13). Common dictionary definitions of "offense" are "an infraction of law," [2] and "a transgression of law; a crime." [3] The plain meaning of "offense" makes the possession of 35 or more grams of marijuana while the person is in the otherwise lawful possession of a firearm a criminal act that is punishable by law, and thus a "marijuana offense." [4]

---

[2] *Offense*, MERRIAM-WEBSTER ONLINE DICTIONARY, https://merriamwebster.com/dictionary/offense (last visited Dec. 10, 2024).

[3] *Offense*, THE AMERICAN HERITAGE DICTIONARY, https://ahdictionary.com/word/search.html?q=offense (last visited Dec. 10, 2024).

[4] Respondents' reliance on *State v. Onyejiaka*, 671 S.W.3d 796 (Mo. banc 2023), to support their claim that C.S.'s Section 571.030.1(11) conviction cannot be a "marijuana offense" is misplaced. The issue in *Onyejiaka* was whether the appellant's convictions for both unlawful use of a weapon for possessing a firearm and a controlled substance (cocaine) under Section 571.030.1(11), and possession of a controlled substance (cocaine) under Section 579.015, violated his right to be free from double jeopardy. *Id.* at 798. In holding the two convictions did not violate double jeopardy, the Court noted Sections 579.015 and 571.030 serve "separate and distinct purposes"; specifically, "Section 579.015 prohibits and punishes certain drug-related conduct," while Section 571.030 "prohibits and punishes specified improper conduct involving a firearm." *Id.* at 800. *Onyejiaka* involved neither marijuana nor expungement, and nothing in

6

We reject Respondents' contention that "marijuana offense" refers only to offenses described in Chapter 579, which is the Controlled Substance Offenses chapter of the Missouri Criminal Code. Had the intent of Article XIV been to limit expungement to only Chapter 579 offenses, the reference to "marijuana offense" could easily have been stated as "offenses as described in Chapter 579."

This plain meaning of "marijuana offense" is consistent with the stated purpose of Article XIV, Section 2, which among other things is "to make marijuana legal," and "to prevent arrest and penalty for personal possession . . . of limited amounts of marijuana by adults twenty-one years of age or older." MO. CONST. ART. XIV, §2.1. It is also consistent with the statement in Section 2.1 that, "[t]o the fullest extent possible, this section shall be interpreted in accordance with the purpose and intent set forth in this section." *Id*.

Respondents' argued construction is inconsistent with both the second paragraph of Section 2.1's purpose provision and similar language in Section 2.10(7)(a)c that expressly exclude from expungement a series of circumstances involving marijuana, many of which describe situations that are not marijuana offenses under Chapter 579.[5] This list of exclusions: (1) would be unnecessary unless the conduct would otherwise be

_____

*Onyejiaka* suggests that the Court's statement of the purposes of Sections 579.015 and 571.030 in the context of a double jeopardy analysis precludes the determination that a Section 571.031.1(11) offense is a "marijuana offense" in the context of expungement under Article XIV, Section 2.10(7)(a)c.

[5] The second paragraph of Section 2.1's purpose provision states: "This section is not intended to allow for the public use of marijuana, driving while under the influence of marijuana, the use of marijuana in the workplace, or the use of marijuana by persons under twenty-one years of age."

within the scope of Section 2.10(7)(a)c, requiring the conclusion that "marijuana offenses" as used in the same section are not limited to crimes codified in Chapter 579; and (2) includes the offense of driving while under the influence of marijuana, Section 577.010, which, analogous to C.S.'s conviction for unlawful use of a weapon, involves conduct that is normally not criminal (driving), but becomes so solely and only because of the contemporaneous act of being under the influence of marijuana.

We conclude that for the purposes of constitutionally mandated expungement, "marijuana offense," as used in Section 2.10(7)(a)c, includes any charged crime that, but for the use, possession, cultivation, and distribution of marijuana would not be a crime. In so holding, we reject Respondents' parade of horribles argument that such a construction will open the door to expungement of any number of charged offenses that have been enhanced by marijuana use or other permitted marijuana activities. None of Respondents' examples – keeping or maintaining a public nuisance, Section 579.105, stealing a controlled substance, Section 570.030.5(m), and endangering the welfare of a child, Section 568.045.1(3) – involve conduct that was non-criminal but was made criminal solely and only because of marijuana use, possession, cultivation, or distribution. Instead, Respondents' examples involve enhancement of the classification of an already chargeable crime because of marijuana use or other permitted marijuana activities – a scenario that does not, by its very nature, implicate Section 2.10(7)(a)c because the charged offense would plainly not qualify as a "marijuana offense" as defined by this opinion.

The purpose of Article XIV, Section 2 is to legalize marijuana and to prevent arrest and penalty for possession of it. This purpose is served, to the fullest extent possible, by our definition of "marijuana offense." In simple terms, conduct that once was criminal based solely or only on marijuana use, possession, cultivation, or distribution is now no longer criminal. C.S. is entitled to have his conviction for unlawful use of a weapon under Section 571.030.1(11) expunged in its entirety. C.S.'s point is granted.

## CONCLUSION

The judgment is reversed, and the case is remanded to the circuit court with directions to expunge C.S.'s conviction for unlawful use of a weapon under Section 571.030.1(11).

_____
LISA WHITE HARDWICK, JUDGE

All Concur.

9