Walter FOSTER, Appellant,

v.

ST. LOUIS COUNTY, Missouri,
Respondent.

No. SC 88496.

Supreme Court of Missouri,
En Banc.

Dec. 4, 2007.

Alan S. Mandel, Andrew L. Mandel, Michael J. Sudekum, St. Louis, MO, for Appellant.

Robert C. Moore, Patricia Redington, Office of County Counselor, Clayton, MO, for Respondent.

RICHARD B. TEITELMAN, Judge.

Walter Foster filed a personal injury action against St. Louis County for injuries sustained at Suson Park, which is owned and operated by the County. The circuit court found that the county was entitled to summary judgment because Foster's claims were barred by the Missouri Recreational Use Act, sections 537.345, et. seq.[1] The judgment is affirmed.

### FACTS

Foster was playing football in an open field in Suson Park when he stepped into a hole and injured his leg. The park is owned and operated by the county and is not located within the corporate boundaries of any city, municipality, town, or village. The park is a multiple use area consisting of approximately 98 acres of land with lakes, fields, trees, trails, an animal barn, and picnic areas. The county does not charge an admission fee to enter the park. There is a fee to use some of the picnic areas. Additionally, during part of the year, group tours of the animal barns are offered for $20.00. These fees are used to offset the costs of the services

---

1. All statutory citations are to RSMo 2000.

provided. Foster did not pay a fee to enter the park.

Foster filed suit against the county to recover for his injuries as previously noted. The circuit court sustained the county's motion for summary judgment. On appeal, Foster argues that the act does not apply to Suson Park and, alternatively, that the act violates the equal protection clause and is unconstitutional.

### ANALYSIS

■■■ The standard of review on appeal regarding summary judgment is essentially de novo. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). Summary judgment will be upheld on appeal if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. *Id.*

### I. Missouri Recreational Use Act

■■■ The act creates "tort immunity for landowners who open their land to the public free of charge for recreational use." *Lonergan v. May*, 53 S.W.3d 122, 127 (Mo. App.2001). The purpose of the act is "to encourage the free use of land for recreational purposes in order to preserve and utilize our natural resources." *Id.* Specifically, section 537.346 provides:

> Except as provided in sections 537.345 to 537.348, an owner of land owes no duty of care to any person who enters on the land without charge to keep his land safe for recreational use or to give any general or specific warning with respect to any natural or artificial condition, structure, or personal property thereon.

Section 537.348 provides that landowners can, however, incur liability if there is a malicious or grossly negligent failure to warn or guard against a dangerous condition, a fee charged for entry upon the land, or if the land falls within the other exceptions contained in section 537.348.[2] Foster argues that the county is not entitled to immunity under the act because of the exception for "noncovered land" contained in section 537.348(3)(d). Section 537.348(3)(d) defines "noncovered land" as:

> [A]ny portion of any land, the surface of which portion is actually used primarily for commercial, industrial, mining or

2. Section 537.348 provides:

Nothing in this act shall be construed to create liability, but it does not limit liability that otherwise would be incurred by those who use the land of others, or by owners of land for:

(1) Malicious or grossly negligent failure to guard or warn against a dangerous condition, structure, personal property which the owner knew or should have known to be dangerous, or negligent failure to guard or warn against an ultrahazardous condition which the owner knew or should have known to be dangerous;

(2) Injury suffered by a person who has paid a charge for entry to the land; or

(3) Injuries occurring on or in:

(a) Any land within the corporate boundaries of any city, municipality, town, or village in this state;

(b) Any swimming pool. "Swimming pool" means a pool or tank, especially an artificial pool or tank, intended and adapted for swimming and held out as a swimming pool;

(c) Any residential area. "Residential area" as used herein means a tract of land of one acre or less predominantly used for residential purposes, or a tract of land of any size used for multifamily residential services; or

(d) Any noncovered land. "Noncovered land" as used herein means any portion of any land, the surface of which portion is actually used primarily for commercial, industrial, mining or manufacturing purposes; provided, however, that use of any portion of any land primarily for agricultural, grazing, forestry, conservation, natural area, owner's recreation or similar or related uses or purposes shall not under any circumstances be deemed to be use of such portion for commercial, industrial, mining or manufacturing purposes.

manufacturing purposes; provided, however, that use of any portion of any land primarily for agricultural, grazing, forestry, conservation, natural area, owner's recreation or similar or related uses or purposes shall not under any circumstances be deemed to be use of such portion for commercial, industrial, mining or manufacturing purposes.

■ Foster argues that Suson Park falls within the noncovered land exception because the county uses the park for commercial purposes by charging fees to utilize the picnic areas and to take tours of the animal barns. It is unnecessary to determine whether the fees charged by county constitute a commercial purpose because the act contemplates the severability of property into commercial and noncommercial portions. Section 537.348(3)(d) defines noncovered land as "any portion of land" used primarily for commercial purposes. The statute further provides that a landowner is not liable for injury on those portions of the land that are used primarily for recreational purposes. Therefore, the focus of the commercial purpose analysis is on the portion of the land on which the injury occurred. *Lonergan,* 53 S.W.3d at 130; see also, *Zuk v. United States,* 698 F.Supp. 1577, 1582 (S.D.Fla.1988)(commercial activity exception to Florida's version of the act did not apply where no commercial activities were conducted on the portion of land on which the plaintiff was injured); *Kleer v. United States,* 761 F.2d 1492, 1495(11th Cir.1985)(action barred by the Florida version of the act because there was no commercial activity in the distinct area where the plaintiff was injured).

In this case, Foster admitted that he entered Suson Park free of charge for recreational purposes. He was injured in an open field held open to the public for recreational use free of charge. Conse-quently, the undisputed facts in the summary judgment record demonstrate that Foster cannot show that the portion of land on which he was injured was used primarily for commercial purposes so as to fall outside of the immunity provisions of the act. The circuit court did not err in entering summary judgment in favor of the county.

## II. *Equal Protection*

■ Foster asserts that the act violates the equal protection clause of the Missouri Constitution, article I, section 2, because section 537.348(3)(d) provides immunity to landowners in unincorporated areas while not extending that immunity to landowners in incorporated areas. Foster does not argue that the act burdens a suspect class or infringes upon a fundamental right. Thus, the equal protection claim will be denied if the act is rationally related to a legitimate state interest. *Greenlee v. Dukes Plastering Service,* 75 S.W.3d 273, 277 (Mo. banc 2002). The act is presumed to have a rational basis, and this presumption will only be overcome by a "clear showing of arbitrariness and irrationality." *Fust v. Attorney General for the State of Missouri,* 947 S.W.2d 424, 432 (Mo. banc 1997); quoting *Hodel v. Indiana,* 452 U.S. 314, 331–32, 101 S.Ct. 2376, 69 L.Ed.2d 40 (1981). A statutory classification is upheld if any state of facts reasonably may be conceived to justify it. *Greenlee,* 75 S.W.3d at 277.

The purpose of the act is to "encourage the free use of land for recreational purposes in order to preserve and utilize our natural resources." *Lonergan v. May,* 53 S.W.3d 122, 127 (Mo.App.2001). The legislature could have rationally concluded that land holdings in unincorporated areas tend to be larger, less developed, and more difficult to maintain than land holdings in incorporated cities, towns and villages.

There is also a rational basis for concluding that larger tracts of more rural private land tend to be more suitable for activities such as hunting, fishing, biking and camping that the act defines recreational uses than are lands in incorporated cities, towns, and villages. Section 537.345.[3] The grant of immunity to landowners in unincorporated areas encourages public recreational access to those lands by shielding landowners from liability in the event of an injury. The distinction between landowners in incorporated and unincorporated areas of the state is rational and does not violate the constitutional guarantee of equal protection.

 Foster also argues that the act violates equal protection by creating two classes of users based upon whether the user paid a fee to access the land at issue. The purpose of the act is to promote the free use of land for recreational purposes. *Lonergan*, 53 S.W.3d at 127. Given the purpose of the act, there is a rational basis to support the legislative determination that immunity is extended only to landowners who permit free recreational access to their property. It would be inconsistent with the very purpose of the act to extend immunity to those landowners who charge a fee for recreational access. The act does not violate the constitutional guarantee of equal protection.

### CONCLUSION

The undisputed facts establish Foster cannot show that the portion of Suson Park on which he was injured was used primarily for commercial purposes so as to fall outside of the immunity provisions of the act. Furthermore, Foster failed to establish that there is no rational basis for

applying the immunity provisions of the act only to lands situated in unincorporated areas which are not primarily used for commercial purposes. The judgment is affirmed.

All concur.

---

3. Section 537.345 defines recreational uses as "hunting, fishing, camping, picnicking, biking, nature study, winter sports, viewing or enjoying archaeological or scenic sites, or other similar activities undertaken for recreation, exercise, education, relaxation, or pleasure on land owned by another."