STATE ex. rel. A. Carlton YOUNG,
and Arline E. Young, Relators,

v.

The Honorable Gael D. WOOD,
Respondent.

No. SC 88840.

Supreme Court of Missouri,
En Banc.

June 10, 2008.

David P. Bub, Jennine D. Adamek Moore, Kenneth R. Goleaner, Brown & James, St. Louis, MO, for Relators.

P. Dennis Barks, Hermann, Sam P. Rynearson, David A. Fletz, Michael P. Gunn, St. Louis, MO, for Respondent.

WILLIAM RAY PRICE, JR., Judge.

## I. Introduction

Relators seek a writ of mandamus ordering dismissal of a wrongful death claim brought by the decedents of a man killed while hunting on Relators' property. Because Relators are entitled to immunity under Missouri's Recreational Use Act ("RUA"),[1] the alternative writ of mandamus is made peremptory.

## II. Facts

Relators, the Youngs, gave permission to James Shaw and John Hartnagel to enter their farm for the purpose of hunting wild turkeys. Neither man knew the other was on the farm. While hunting, Hartnagel thought he heard a wild turkey and discharged his weapon in the direction of the sound. Unfortunately, the source of the noise was Shaw, who was struck by the shots fired and died from the injuries.

Plaintiffs sued Relators as well as Hartnagel for wrongful death, alleging that Relators were negligent in failing to warn Shaw that other hunters were or might be nearby. Relators filed a motion to dismiss for failure to state a claim, arguing immunity from suit under the RUA. The motion was denied. Relators ask this Court to issue a writ of mandamus directing Respondent to vacate denial of Relators' motion to dismiss, and to enter an order dismissing Plaintiffs' claim against Relators.

## III. Standard of Review

A litigant seeking mandamus must "allege and prove that he has a clear, unequivocal, specific right to a thing claimed." *Furlong Companies, Inc. v. City of Kansas City*, 189 S.W.3d 157, 166 (Mo. banc 2006). A court will only issue the writ if the "ministerial duty sought to be coerced is definite, arising under conditions admitted or proved and imposed by law." *Id.* This Court reviews the circuit court's actions for an abuse of discretion, including failure to follow applicable statutes. *State ex rel. City of Jennings v. Riley*, 236 S.W.3d 630, 631 (Mo. banc 2007). "A defendant who is clearly entitled to immunity should not be required to proceed through trial and appeal in order to enforce that protection." *State ex rel. Mo. Highway & Transp. Comm'n v. Dierker*, 961 S.W.2d 58, 60 (Mo. banc 1998).

## IV. Analysis

### A.

The primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of

---

1. Sections 537.345 to 537.348. All statutory references are to RSMo 2000, unless otherwise noted.

the statute. *State ex rel. Burns v. Whittington,* 219 S.W.3d 224, 225 (Mo. banc 2007). When the statute's language is unambiguous, a court must give effect to the legislature's chosen language. *Kerperien v. Lumberman's Mut. Cas. Co.,* 100 S.W.3d 778, 781 (Mo. banc 2003). "A court may not add words by implication to a statute that is clear and unambiguous." *Asbury v. Lombardi,* 846 S.W.2d 196, 202 n. 9 (Mo. banc 1993).

### B.

■ The key portion of the RUA, section 537.346, states:

Except as provided in sections 537.345 to 537.348, an owner of land owes no duty of care to any person who enters on the land without charge to keep his land safe for recreational use or to give any general or specific warning with respect to any natural or artificial condition, structure, or personal property thereon.

The purpose of the RUA is "to encourage the free use of land for recreational purposes in order to preserve and utilize our natural resources." *Foster v. St. Louis County,* 239 S.W.3d 599, 600 (Mo. banc 2007) (internal citations omitted).

■ To invoke the RUA, the general requirements are "(1) an owner of the land; (2) entry upon the land; (3) entry upon the land without charge; and (4) entry for recreational use." *Lonergan v. May,* 53 S.W.3d 122, 128 (Mo.App.2001). If these requirements are met, then the owner "owes no duty to the entrants to keep the land safe or to give any general or specific warnings with respect to any natural or artificial condition, structure, or personal property on the land, unless one of the exceptions contained in section 537.348 apply." *Id.* The owner also does

not "[a]ssume responsibility for any damage or injury to any other person or property caused by an act or omission of such person." Section 537.347.

■ The Youngs meet the RUA's requirements because they allowed Shaw and Hartnagel on their land, free of charge, to engage in the recreational use of hunting.[2] The RUA therefore applies and the Youngs owed no duty to Shaw to keep their land safe or to give any general or specific warnings about the presence of other hunters on the property.

### C.

The Shaws raise two arguments against application of the RUA, neither of which is persuasive.

### 1.

First, the Shaws argue that the RUA requires land owners to open their property to the entire general public. This requirement is mentioned nowhere in the plain language of the RUA. The Shaws appear to draw this additional requirement from dicta in the *Lonergan* opinion stating that RUA's are designed to "encourage landowners to open their lands to *the public* for recreational use by restricting the landowners liability." *Lonergan,* 53 S.W.3d. at 127 (emphasis added).

■ The use of the term "public" merely reflects the fact that the statute is designed to encourage landowners with property suitable for certain recreational activities to allow members of the public to participate in those activities. Nowhere does the RUA require that land be opened to the entire general public, and this Court will not add language to a statute that is clear and unambiguous. *Lombardi,* 846 S.W.2d at 202 n. 9. This reading of Mis-

---

**2.** Section 537.345 defines "hunting" as a re-    creational use.

souri's RUA mirrors that of the Eighth Circuit. *Wilson v. United States*, 989 F.2d 953, 957 (8th Cir.1993).

### 2.

The Shaws also argue that the RUA does not apply because section 537.346 only limits the duty of care with regard to a "natural or artificial condition, structure, or personal property." The Shaws believe that the presence of another hunter, Mr. Hartnagel, does not fall under any of these categories.

We need not address this argument because section 537.347 of the RUA explicitly provides that a land owner who invites or permits a person onto his land for recreational use, without charge, does not "[a]ssume responsibility for any damage or injury to any other person or property caused by an act or omission of such person." *Id.* Because Young allowed Hartnagel on his land to engage in the recreational use of hunting, free of charge, he does not assume responsibility for any damage or injury to any other person caused by an act or omission of Hartnagel.

### V. Conclusion

The RUA provides Relators immunity from the wrongful death suit at issue. Accordingly, the alternative writ of mandamus is made peremptory.

All Concur.