

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| RAYNE LITTLEFIELD, | ) | No. ED113095 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | Appeal from the Circuit Court |
| | ) | of St. Francois County |
| NORMAN RIGDON POST 5896, | ) | Cause No. 23SF-CC00074 |
| VETERANS OF FOREIGN WARS | ) | |
| OF THE UNITED STATES, INC., | ) | Honorable Wendy L. Wexler Horn |
| | ) | |
| Respondent. | ) | FILED: August 26, 2025 |

**Opinion**

This case comes before us on claims of sex discrimination and retaliation pursuant to the Missouri Human Rights Act (MHRA). Rayne Littlefield (Littlefield) appeals from the circuit court's grant of summary judgment in favor of the Norman Ridgon Post No. 5986 for Veterans of Foreign Wars (VFW). Littlefield raises one point on appeal. She alleges the circuit court erred in finding VFW exempt from the definition of employer under the MHRA, prohibiting Littlefield from suing VFW for her underlying employment discrimination claims. VFW asserts the circuit court properly granted summary judgment because it is a bona fide private membership club, making it exempt from the purview of the MHRA. As a matter of first impression, we agree with VFW holding it is in fact a bona fide private membership club and hence is not an employer under the MHRA. Accordingly, we affirm the circuit court's judgment.

1

**Background**

The following facts are limited to the record before the circuit court on summary judgment:[1]

From March 2020 to May 2021, Littlefield worked for VFW as a bartender in its Club Room. Littlefield alleged that during some of her shifts, members of VFW made unwanted sexual advances towards her, including inappropriate comments, touching her hip and thigh area, and swearing at her. In 2020, Littlefield filed an initial written report with VFW complaining about some of the alleged discriminatory acts. In early April 2021, Littlefield alleged that a VFW member directed an inappropriate comment to her, and a few days later VFW suspended Littlefield's employment. On May 11, 2021, Littlefield submitted another written complaint, specifically about the discriminatory comment that was alleged to have occurred in April, and VFW terminated her employment on the same day. In August 2021, Littlefield filed a Charge of Discrimination against VFW with the Missouri Commission on Human Rights (Commission), alleging sex discrimination and retaliation. In March 2023, the Commission issued Littlefield a right to sue letter, and she subsequently filed a petition against VFW.

In its answer, VFW stated that it is a bona fide private membership club that is exempt from taxation under 26 U.S.C. § 501(c). Before engaging in discovery, VFW moved for summary judgment. In its statement of uncontroverted material facts, VFW reiterated its status as a bona fide private membership club, briefly discussed its membership selection process, and reasserted its tax-exempt status. VFW argued in its memorandum in support of summary

---

[1] *Green v. Fotoohighiam*, 606 S.W.3d 113, 117 (Mo. banc 2020) (internal quotation omitted) ("Facts come into a summary judgment record *only* via Rule 74.04(c)'s numbered-paragraphs-and-responses framework.") (emphasis in original).

judgment that its status as a bona fide private membership club exempted it from liability under the MHRA. Ultimately, VFW withdrew its initial motion for summary judgment.

After participating in discovery, VFW filed a subsequent motion for summary judgment, largely identical to its first motion, claiming it was a bona fide private membership club. In its second motion, VFW elaborated further about its history, member selection process, and purpose.[2] Congress chartered VFW in 1936. The charter provides the requirements for membership into VFW and details the organization's purposes. Among the functions performed by the VFW is the assistance of veterans and their dependents, including providing aid with any claim they may have with the federal government, such as pensions, compensation, educational benefits, and housing loans. To become a VFW member, an individual must have honorably served in the United States military in a foreign war or similar conflict. VFW's charter states the purpose of the organization as follows:

> [P]reserve and strengthen comradeship among its members; assist worthy comrades; perpetuate the memory and history of our dead, and assist their widows and orphans; maintain true allegiance to the Government of the United States, and fidelity to its Constitution and laws; foster true patriotism; maintain and extend the institutions of American freedom; and preserve and defend the United States from all her enemies.

36 U.S.C. § 230102.

Littlefield argues VFW is not a bona fide private membership club because it hosts multiple public events each week and actively promotes the use of its facilities by nonmembers. In her statement of additional material facts, Littlefield stated there is no

---

[2] VFW in both of its statements of uncontroverted material facts, and motions for summary judgment, also claimed it did not qualify as an employer under the MHRA because it employed less than six people. § 213.010(8). However, VFW abandoned this argument at the summary judgment hearing and did not attempt to revive this argument on appeal. *See Brummett v. Burberry Ltd.*, 597 S.W.3d 295, 306 (Mo. App. W.D. 2019) (internal quotation omitted) (explaining arguments not made in the argument section of the brief are deemed abandoned and preserve nothing for review).

day or time during the week when the Club Room at VFW is only open for members.

Littlefield also claimed whenever the Club Room at VFW is open, members of the public

are welcome. VFW disputes the claim that the Club Room allows members of the public

unfettered access as its rules require a member to accompany a nonmember to the Club

Room and the nonmember must sign in and sign out.

VFW hosts Bingo nights, Wednesday morning breakfasts, and weekly Farmers

Markets—all of which are open to the public. Additionally, VFW offers a "Happy Hour

Twice a Day" every day each week to which the public is invited. On its website, VFW

advertises all of these events to the public. However, VFW does not solicit for

membership through its website. VFW alleges the purpose of these events is to benefit

the local community and to raise funds for VFW's charitable mission of assisting

veterans, and to help maintain VFW facilities. VFW members provide volunteer labor

for these events. Members of the VFW vote for officers who are responsible for

managing the affairs of the post. VFW owns the building where all of these activities

take place.

After a hearing, the circuit court granted summary judgment to VFW, finding it fell

within the bona fide private membership club exemption under the MHRA. Littlefield now

appeals.[3]

---

[3] VFW filed a motion to dismiss Littlefield's appeal, claiming that she did not provide a fair and consistent statement of facts. VFW explains Littlefield only cited her own filings and exhibits except for one instance where she cited an affidavit from a VFW member. Additionally, VFW states Littlefield did not provide any facts that would support the circuit court's grant of summary judgment to VFW. We agree Littlefield did not strictly comply with Rule 84.04(a)(3), Mo. R. Civ. P. (2018), with her statement of facts for the reasons VFW highlighted. *See Martin Leigh, PC v. Williamson*, 699 S.W.3d 538, 542 (Mo. App. S.D. 2024) (dismissing an appeal because a party relied solely on its own exhibits and did not cite the opposing party's summary judgment responses); *see also Renegar v. Borman*, 712 S.W.3d 33, 37 (Mo. App. E.D. 2025) (internal quotation omitted) ("When a party . . . omits facts supporting the circuit court's findings, this violation, 'standing alone, constitutes grounds for dismissal of an appeal.'"). However, this Court prefers "to decide an appeal on the merits where disposition is not hampered by rule violations and the argument is readily understandable." *Freeland v. Div. of Emp. Sec.*, 647 S.W.3d 22, 24 (Mo.

**Standard of Review**

This Court reviews matters of statutory interpretation and grants of summary judgment *de novo*. *State ex rel. Swoboda v. Missouri Comm'n on Hum. Rts.*, 651 S.W.3d 800, 804 (Mo. banc 2022) (internal citation omitted); *Holterman v. Copeland*, 700 S.W.3d 333, 337 (Mo. App. S.D. 2024) (quoting *ITT Com. Fin. Corp. v. Mid-America Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993)). In our review, we apply "the same criteria as the [circuit] court in determining whether summary judgment was proper." *Brockington v. New Horizons Enter., LLC*, 654 S.W.3d 876, 880 (Mo. banc 2022) (internal quotation omitted). "We view the record in the light most favorable to the non[-]moving party and afford that party the benefit of all inferences which may be reasonably drawn from the record." *Mobile Nat'l Dev. Co., LLC v. Spectrum Mid-Am., LLC*, 705 S.W.3d 593, 599 (Mo. App. E.D. 2024). A court properly grants summary judgment to a moving party if "there is no genuine issue as to the material facts and that the movant is entitled to judgment as a matter of law." *Brockington*, 654 S.W.3d at 880 (internal quotation omitted).

**Discussion**

*I.* **The circuit court did not err in granting summary judgment**

In her sole point on appeal, Littlefield argues that VFW is not a bona fide private membership club, such that it would be exempt from the definition of employer under the MHRA, solely because it holds public events which it advertises on its website. We hold as a

---

App. W.D. 2022) (internal quotation omitted). Littlefield's argument does not require this Court to scour the record to understand her point. *See Gan v. Schrock*, 652 S.W.3d 703, 710 (Mo. App. W.D. 2022) (quoting *Thummel v. King*, 570 S.W.2d 679, 687 (Mo. banc 1978)) (stating courts should not be asked to assume the role of an advocate for a party with deficient briefings). We especially want to address the merits in cases involving matters of first impression. *See id.* (quoting *Thummel*, 570 S.W.2d at 687) (stating a matter of first impression can excuse a party's failure to provide legal citations). Therefore, we deny VFW's motion to dismiss.

5

matter of first impression that these facts alone do not alter VFW's status as a bona fide private membership club.[4]

The MHRA, passed in 1957, prohibits employers from "discriminat[ing] against any individual with respect to [their] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, national origin, sex, ancestry, age or disability." § 213.055.1.[5]  Additionally, employers cannot "retaliate or discriminate in any manner against any other person because such person has opposed any practice prohibited by this chapter or because such person has filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding or hearing conducted pursuant to this chapter." § 213.070.1(2).  The MHRA defines employer as "a person engaged in an industry affecting commerce who has six or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." § 213.010(8).  However, the MHRA explicitly excludes organizations from the definition of employer that are "a bona fide private membership club, other than a labor organization, that is exempt from taxation under 26 U.S.C. Section 501(c)[.]" § 213.010(8)(f).

### A. VFW is a bona fide private membership club

Missouri courts have not yet defined "bona fide private membership club" under the MHRA, making this a matter of first impression.  This Court must construe exemptions to remedial statutes like the MHRA narrowly.  *See Lampley v. Missouri Comm'n on Hum. Rts.*, 570 S.W.3d 16, 23 (Mo. banc 2019) (internal quotation omitted) ("Remedial statutes should be

---

[4] VFW has the burden to prove it is a bona fide private membership club.  *See Brooks v. Laurie*, 660 S.W.3d 394, 400 (Mo. App. W.D. 2022) (explaining that the party seeking summary judgment based upon an affirmative defense must show there was no genuine issue of material fact, and they are entitled to judgment as a matter of law).  A party preserves an affirmative defense by pleading it and supporting it with specific facts.  *Williams v. City of Kansas City*, 641 S.W.3d 302, 315 (Mo. App. W.D. 2021) (citing Rule 55.08, Mo. R. Civ. P. (1994)).  VFW satisfied this burden in its answer.

[5] All Section references are to RSMo (2016), unless otherwise noted.

6

construed liberally to include those which are within the spirit of the law and all reasonable doubts should be construed in favor of applicability to the case."); *see also* § 213.101.1 ("The provisions of this chapter shall be construed to accomplish the purposes thereof and any law inconsistent with any provision of this chapter shall not apply.").

Now, we turn to our well-worn fundamental principles of statutory interpretation. "The primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute." *Layton v. Mercy Hosp. E. Cmtys.*, 692 S.W.3d 426, 430 (Mo. App. E.D. 2024) (quoting *State ex rel. Young v. Wood*, 254 S.W.3d 871, 872–73 (Mo. banc 2008)). "If a term is not defined by statute, we look to the dictionary for its plain and ordinary meaning." *Show-Me Inst. v. Off. of Admin.*, 645 S.W.3d 602, 609 (Mo. App. W.D. 2022) (citing *Hegger v. Valley Farm Dairy Co.*, 596 S.W.3d 128, 131–32 (Mo. banc 2020)).

> Club [means] an association of persons for social and recreational purposes or for the promotion of some common object ([such] as literature, science, political activity) usually jointly supported and meeting periodically, membership in social clubs usually being conferred by ballot and carrying the privilege of use of the club property.

WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY OF THE ENGLISH LANGUAGE UNABRIDGED 430 (2002). The words "bona fide," "private," and "membership" all modify "club" to limit the types of clubs exempted from MHRA liability. These modifiers suggest a club must be a genuine association that is not open to the public with meaningful conditions of limited membership. *See id.* at 250, 1408, 1804–05. We look to caselaw for examples of bona fide private membership clubs.

"When reviewing cases under the MHRA, appellate courts 'are guided by both Missouri law and any federal employment discrimination (i.e., Title VII [of the Civil Rights Act of 1964]) case law that is consistent with Missouri law.'" *Matthews v. Harley-Davidson*, 685 S.W.3d 360,

7

366 (Mo. banc 2024) (internal quotation omitted). Therefore, we now look to federal law for guidance on the meaning of a bona fide private membership club.

Much like the MHRA, Title VII defines employer to mean "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person[.]" 42 U.S.C. § 2000e(b). Title VII also excludes "bona fide private membership club[s] (other than a labor organization) which [are] exempt from taxation under section 501(c) of Title 26." 42 U.S.C. § 2000e(b)(2).

On appeal, the parties do not dispute VFW's tax-exempt status under 26 U.S.C. § 501(c) and Littlefield does not claim VFW is a labor organization.[6] As such, our analysis turns to whether VFW truly acts as a bona fide private membership club.

Federal courts have considered a wide array of factors to determine whether a group is a bona fide private membership club, including: (1) the genuine selectivity of the group, (2) the membership's control over operations of the establishment, (3) the history of the organization, (4) the club's purposes, (5) the use of facilities by nonmembers, and (6) whether the club advertises to the public to solicit members or promote the public's use of its facilities. *Quijano v. Univ. Fed. Credit Union*, 617 F.2d 129, 131 (5th Cir. 1980); *Welsh v. Boy Scouts of Am.*, 993 F.2d 1267, 1276 (7th Cir. 1993) (internal citation omitted); *E.E.O.C. v. Chicago Club*, 86 F.3d 1423, 1433 (7th Cir. 1996) (internal citation omitted); *Roman v. Concharty Council of Girl Scouts, Inc.*, 195 F. Supp. 2d 1377, 1379 (M.D. Ga. 2002) (internal quotation omitted); *Coleman*

---

[6] For the first time on appeal, Littlefield argues VFW is a place of public accommodation. However, Littlefield did not preserve this issue for appellate review, as she did not make this argument before the circuit court in her motions opposing summary judgment, nor did she assert this argument at the summary judgment hearing. *See Gray v. Missouri Dep't of Corr.*, 635 S.W.3d 99, 107 (Mo. App. W.D. 2021) (citing *Estate of Overbey v. Chad Franklin National Auto Sales North, LLC*, 361 S.W.3d 364, 370 n.2 (Mo. banc 2012)).

*v. Dothan Country Club*, 532 F. Supp. 3d 1235, 1238 (M.D. Ala. 2020) (internal citation omitted). None of these factors are dispositive, but courts have placed great weight on the first factor regarding selectivity of the group. *See Welsh*, 993 F.2d at 1276 (citing *Tillman v. Wheaton-Haven Rec. Ass'n*, 410 U.S. 431, 438 (1973)) (analyzing the private club exemption under Title II); *Roman*, 195 F. Supp. 2d at 1380 (explaining no functional distinction exists between the private club exemption under Title II [also known as the Americans with Disabilities Act (ADA)] and the bona fide private membership club exemption under Title VII); *see also* U.S. EQUAL EMP. OPPORTUNITY COMM'N, EEOC-CVG-2000-2, SECTION 2 THRESHOLD ISSUES (2000) ("The presence or absence of any one of these factors is not determinative, however, and the question as to whether an organization is private must be addressed on a case-by-case basis.").

Littlefield does not dispute the following four factors weigh in favor of finding VFW is a bona fide private membership club: the selectivity of its membership, its membership control over its operations, its history, and its purposes. Although Littlefield does not dispute these factors, we briefly address them below for thoroughness. The only factors Littlefield asserts in support of holding VFW is not a private club are the use of VFW's facilities by nonmembers and its advertisements to the public—both topics which we address in detail in the following section.

### 1. Selectivity of Membership

Courts consider an organization's membership selection process as the most important factor in finding a club is a bona fide private membership club. *Welsh*, 993 F.2d at 1276 (internal citation omitted). To become a member of a VFW post, the applicant must have honorably served in a foreign war, insurrection, or expedition. These criteria demonstrate the exceedingly selective nature of VFW membership. *Compare Chicago Club*, 86 F.3d at 1436–37 (holding the membership procedure for a private social club more than sufficient as a current

9

member can only invite someone to join if they know them personally and the elected board of governors, the body with final authority on membership, does not oppose the prospective member) *with United States v. Lansdowne Swim Club*, 894 F.2d 83, 86 (3d Cir. 1990) (finding a swim club did not have a truly selective process for choosing its members as it provided no useful information about the prospective member to its voting members). This factor weighs heavily in favor of finding VFW to be a bona fide private membership club. *See Welsh*, 993 F.2d at 1276 (internal citation omitted).

### 2. *Membership Control and Ownership*

Courts examine "the extent to which and/or the manner in which [a club] is controlled or owned by its membership" to determine whether the organization operates as a private one. *Coleman*, 532 F. Supp. 3d at 1239 (citing *Kelsey v. Univ. Club of Orlando, Inc.*, 845 F. Supp. 1526, 1529 (M.D. Fla. 1994)) (holding an executive board responsible for managing a country club's property and human resources shows the country club is a private club). Members of VFW vote for officers to run the affairs of the post, clearly demonstrating membership control over the activities of the organization. Also, VFW owns the buildings where it hosts its various events. This factor also strongly supports the finding that VFW operates as a bona fide private membership club.

### 3. *History*

Courts look at the history of an organization to determine whether the organization and its membership criteria were established to avoid liability under anti-discrimination laws such as Title VII. *Roman*, 195 F. Supp. 2d at 1380–81 (quoting *Welsh*, 993 F.2d at 1276). VFW predates the MHRA by more than two decades as it was charted by Congress in 1936 and the MHRA was passed in 1957. This factor also strongly supports a finding that VFW operates as a bona fide private membership club.

### 4. *Purposes*

An organization that serves recreational, social, civic, literary, scientific, political, or other legitimate purposes supports a finding that it is a bona fide private membership club. *Coleman*, 532 F. Supp. 3d at 1238 (internal citation omitted); *see also Roman*, 195 F. Supp. 2d at 1381 (internal citation omitted); *see also Quijano*, 617 F.2d at 131.  In its charter, VFW stands for laudable charitable, civic, and social purposes, including but not limited to assisting veterans and their families, inspiring confidence in American institutions, and honoring those who have made the ultimate sacrifice in service of this country.  This factor also strongly supports a finding that VFW operates as a bona fide private membership club.

### 5. *Use of Facilities by Nonmembers*

The use of an organization's facilities by nonmembers must consist of more than a few isolated events to weigh in favor of holding the organization is not a private one.  *Compare Chicago Club*, 86 F.3d at 1436 (determining two events held at the club without a hosting member did not alter the club's private status) *with Lansdowne Swim Club*, 894 F.2d at 86 (deciding a swimming club did not act as a private club in part because it held several public events including swim meets, dive meets, and pool parties).  VFW hosts several public events each week, such as Bingo, Wednesday morning breakfast, Farmer's Markets, and Happy Hour Twice a Day.  However, VFW restricts access to the Club Room by requiring a member of the post to accompany their guest.  Littlefield disputes the Club Room is private by claiming this requirement is not strictly enforced.  Even if VFW did consistently follow its Club Room rules, this factor supports a finding that VFW is not a bona fide private membership club.

### 6. *Advertisements to the Public*

An organization's advertising to the public supports a holding that the organization is not a private one.  *See Lansdowne Swim Club*, 894 F.2d at 86 (analyzing a different factor but noting

the swimming club's solicitation to area residents and public recruitment meetings supported a holding that the club was not a private one). VFW, through its website, invites the public to all of the events discussed above, but does not recruit members from the general public. This final factor weighs in favor of finding VFW is not a bona fide private membership club.

Littlefield argues she provided ample evidence to create a genuine issue of material fact as to whether VFW is a bona fide private membership club under the factors concerning use of VFW's facilities by nonmembers and its advertisements to the public. We disagree. Even in viewing the record in the light most favorable to Littlefield, VFW remains a bona fide private membership club in spite of its public events and advertising.

Four of the six factors support the finding that VFW is a bona fide private membership club. Additionally, the most important factor—selectivity of the membership—leads one to the same conclusion. *See Welsh*, 993 F.2d at 1276. While Littlefield correctly asserts that the use of the organization's facilities by nonmembers and advertisements to the public weigh against VFW, those factors are not dispositive and the inquiry into an organization's status as a bona fide private membership club is done on a case-by-case basis. *See id.*; *see also* U.S. EQUAL EMP. OPPORTUNITY COMM'N, EEOC-CVG-2000-2, SECTION 2 THRESHOLD ISSUES (2000).

Although instructive, federal caselaw primarily focuses on country clubs or other organizations built for social purposes instead of organizations like VFW serving social, charitable, and civic purposes. *See e.g.*, *Coleman*, 532 F. Supp. 3d at 1239. To receive guidance on matters of first impression, we may look to cases from our sister states on a comparable issue if based on sound principles and good reason. *See Neil v. St. Louis Cnty.*, 688 S.W.3d 268, 274 (Mo. App. E.D. 2024) (internal quotation omitted).

12

We find persuasive the reasoning in *Kreate v. Disabled American Veterans*, 33 S.W.3d 176 (Ky. Ct. App. 2000). In analyzing Kentucky's Civil Rights Act (KCRA), the Kentucky Court of Appeals found Disabled American Veterans (DAV) exempt from KCRA liability because of its status as a bona fide private membership club.[7] *Id.* at 182. The *Kreate* court followed the factors test provided in *Quijano* and *Chicago Club*, and found three factors were sufficient to find DAV exempt from liability. *See id.* at 179–80, 182.

DAV and VFW share many similar characteristics in its selectivity of membership, history, purposes, and use of facilities by nonmembers. To become a member of DAV, the applicant must be disabled in "the line of duty during time of war in the service of the United States armed forces or its allies[.]" *Id.* at 182 (citing 36 U.S.C. §50303(a)(1)(A), 2(A)). Like VFW, Congress also chartered DAV. *Id.* at 181. Congress stated one of the goals of DAV is "[t]o stimulate a feeling of mutual devotion, helpfulness, and comradeship among all wounded, injured, and disabled veterans." *Id.* at 182. "To further [this] aim, DAV has established national and regional offices that provide services to all veterans and all disabled veterans, whether members of DAV or not." *Id.* at 181. The first three factors led the court to hold DAV exempt from KCRA liability. *Id.* at 182. However, the court acknowledged the use of facilities by nonmembers stood in opposition to this conclusion. *Id.*

Ultimately, the *Kreate* court reasoned "a private association's public activities need not disqualify it from exemption provided that the association's structure remains meaningfully private and that private sociability remains, in practice as well as theory, one of the association's core purposes." *Id.* at 182.

---

[7] The KCRA, informed by federal legislation like Title VII and similar to the MHRA, excludes bona fide private membership clubs from its definition of covered employers. *See Kreate*, 33 S.W.3d at 178.

VFW's structure remains private as it does not advertise to the public to solicit new members and does not even accept every veteran–the applicant must be an honorably discharged veteran of a foreign conflict. VFW exhibits private sociability through the control of its members to govern its affairs, and it gives aid exclusively to members and their families for veteran-specific issues. In both theory and practice, VFW demonstrates a private structure and private sociability. Thus, this Court finds VFW is a bona fide private membership club under the MHRA, and therefore exempt from MHRA liability.

## Conclusion

The judgment of the circuit court is affirmed.

_Rebeca Navarro-McKelvey_
Rebeca Navarro-McKelvey, P.J.

Gary M. Gaertner, Jr., J and
James M. Dowd, J., concur.